UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

IRA ALSTON                              :          CIVIL NO. 3:07CV473 (RNC)

    v.                                  :

JASON CAHILL, ET AL.                    :          JUNE 11, 2008

## THE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE PLAINTIFF'S AMENDED COMPLAINT, DATED APRIL 21, 2008

1.      Paragraphs 1, 2 and 3 are denied.

2.      Paragraph 4 is admitted but for the phrase "pursuant to the provisions of Conn. Gen. Stat. § 18-84" which is denied as incomplete and/or inaccurate.

3.      The first sentence of paragraph 5 is admitted.  The remainder of that paragraph is denied as incomplete and/or inaccurate.

4.      The first sentence of paragraph 6 is admitted.  The remainder of that paragraph is denied as incomplete and/or inaccurate.

5.      The first sentence of paragraph 7 is admitted.  The second sentence is denied as incomplete and/or inaccurate.

6.      Paragraph 8 is denied as incomplete and/or inaccurate.

7.      The first sentence of paragraph 9 is admitted.  The second sentence is denied as incomplete and/or inaccurate.

8.      The first sentence of paragraph 10 is admitted.  The second sentence is denied as incomplete and/or inaccurate.

9.      The first sentence of paragraph 11 is admitted.  The second sentence is denied as incomplete and/or inaccurate.

10.     Paragraph 12 is denied as incomplete and/or inaccurate.

11.     The first sentence of paragraph 13 is admitted.   The second sentence is denied as incomplete and/or inaccurate.

12.     The first sentence of paragraph 14 is admitted.   The second sentence is denied as incomplete and/or inaccurate.

13.     The first sentence of paragraph 15 is admitted.   The second sentence is denied as incomplete and/or inaccurate.

14.     Paragraphs 16 and 17 are denied as incomplete and/or inaccurate.

15.     Paragraph 18 is admitted.

16.     Paragraphs 19, 20, 21 and 22 are denied as incomplete and/or inaccurate.

17.     The defendants have insufficient knowledge and/or belief to answer the allegations contained in paragraph 23 and leave the plaintiff to his proof as to those allegations.

18.     The defendants admit that "[a]t all times relevant to this action, the Defendants were acting under color of law."  The remainder of paragraph 24 is denied.

19.     As to paragraph 25, it is admitted only to the extent that the defendants were personally involved in any action or inaction alleged in the plaintiff's complaint.

20.     Paragraph 26 is denied.

21.     Paragraph 27 is denied.

22.     Paragraphs 28, 29 and 30 are denied as incomplete and/or inaccurate.

23.     Paragraphs 31 and 32 are denied.

24.     The first sentence of paragraph 33 is denied.  The second sentence is admitted.

25.     Paragraphs 34, 35, 36, 37, 38, 39, 40, 41 and 42 are denied.

26.     Paragraphs 43, 44, 45 and 46 are denied as incomplete and/or inaccurate.

27.     Paragraph 47 is denied.

28.     Paragraph 48 is denied as incomplete and/or inaccurate.

29.     Paragraphs 49 and 50 are denied.

30.     Paragraph 51 is denied.

31.     Paragraphs 52, 53, 54 and 55 are denied as incomplete and/or inaccurate.

32.     That portion of paragraph 56 which states "[o]n January 11, 2007, Plaintiff saw Dr. Wright" is admitted.  The remainder of that paragraph is denied as incomplete and/or inaccurate.

33.     Paragraphs 57, 58, 59 and 60 are denied as incomplete and/or inaccurate.

34.     Paragraph 61 in denied as incomplete and/or inaccurate.

35.     Paragraph 62 is denied.

36.     That portion of paragraph 63 that states "falsely claiming that plaintiff threatened him" is denied.  The remainder of that paragraph is admitted.

37.     The first sentence of paragraph 64 is denied.   The second sentence is denied as incomplete and/or inaccurate.

38.     Paragraphs 65, 66, 67 and 68 are denied.

39.     Paragraph 69 is denied as incomplete and/or inaccurate.

40.     The first sentence of paragraph 70 is admitted.  The second sentence is denied.

41.     Paragraph 71 is denied as vague, incomplete and impossible to understand.

42.     The first sentence of paragraph 72 is denied as incomplete and/or inaccurate.   The remainder of that paragraph is admitted.

43.     Paragraph 73 is denied as incomplete and/or inaccurate.

44.     The defendants have insufficient knowledge and/or belief as to the allegations contained in paragraph 74 and leave the plaintiff to his proof.

45.     Paragraphs 75 and 76 are denied as incomplete and/or inaccurate.

46.     The first sentence of paragraph 77 is denied.  The remainder of that paragraph is denied as incomplete and/or inaccurate.

47.     The defendants incorporate their answers to paragraphs 1 through 77 as their answer to paragraph 78, as if fully set forth herein.

48.     Paragraphs 79 and 80 are denied.

49.     The defendants incorporate their answers to paragraphs 1 through 77 as their answer to paragraph 81, as if fully set forth herein.

50.     Paragraphs 82 through 84 are denied.

51.     The defendants incorporate their answers to paragraphs 1 through 77 as their answer to paragraph 85, as if fully set forth herein.

52.     Paragraph 86 is denied.

53.     The defendants incorporate their answers to paragraphs 1 through 77 as their answer to paragraph 87, as if fully set forth herein.

54.     Paragraphs 88, 89, 90 and 91 are denied.

55.     The defendants incorporate their answers to paragraphs 1 through 77 as their answer to paragraph 92, as if fully set forth herein.

56.     Paragraphs 93 and 94 are denied.

57.     The defendants incorporate their answers to paragraphs 1 through 77 as their answer to paragraph 95, as if fully set forth herein.

58.     Paragraphs 96 and 97 are denied.

59.     The defendants incorporate their answers to paragraphs 1 through 77 as their answer to paragraph 98, as if fully set forth herein.

60.     Paragraphs 99 and 100 are denied.

61.     The defendants incorporate their answers to paragraphs 1 through 77 as their answer to paragraph 101, as if fully set forth herein.

62.     Paragraphs 102 through 108 are denied.

63.     The defendants incorporate their answers to paragraphs 1 through 77 as their answer to the plaintiff's second paragraph numbered 106 (Ninth Claim of Relief), as if fully set forth herein.

64.     The plaintiff's second paragraph numbered 107 (Ninth Claim of Relief) is denied as incomplete and/or inaccurate.

65.     The plaintiff's second paragraph numbered 108 and paragraphs 109 and 110 are denied.

66.     The plaintiff's prayers for relief are denied.

## FIRST AFFIRMATIVE DEFENSE

Insofar as this action seeks money damages from the defendants in their official capacities, it is a suit against the State of Connecticut and is barred by the Eleventh Amendment.

## SECOND AFFIRMATIVE DEFENSE

The plaintiff has failed to state a claim against the defendants upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

To the extent that state law claims exist in this action and to the extent that they are based on state torts or negligence on the part of the defendants, those claims are barred by Conn. Gen. Stat. §§ 4-141 through 4-164, by Conn. Gen. Stat. § 4-165 and by the doctrine of sovereign immunity.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that this action seeks money damages against the defendants in their individual capacities, the defendants acted with an objective belief that their actions did not violate any clearly established law.  For that reason, they are entitled to qualified immunity from monetary damages.

## FIFTH AFFIRMATIVE DEFENSE

The defendants have not been deliberately indifferent to any of the plaintiff's serious medical needs.

## SIXTH AFFIRMATIVE DEFENSE

Any injuries to the plaintiff were the result of his own misbehavior and/or his assault of the defendants.

## SEVENTH AFFIRMATIVE DEFENSE

The plaintiff was not denied due process by placement in in-cell restraint status, by placement in punitive segregation and loss of other privileges by his placement in administrative segregation or by the raising of his security risk level.  All these decisions are solely within the province of the Department of Correction, its staff and employees.  The plaintiff has no liberty interest in any such classification decisions.

**EIGHTH AFFIRMATIVE DEFENSE**

The plaintiff does not allege that defendants Hill, Sayre, Sanders, Savoie or Lantz committed any constitutional violation or state tort against the plaintiff.  They, therefore, lack the requisite personal involvement in this case.

**NINTH AFFIRMATIVE DEFENSE**

The plaintiff has not complied with the exhaustion provisions of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

DEFENDANTS
Jason Cahill, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:_____/s/_____
        Richard T. Biggar
        Assistant Attorney General
        110 Sherman Street
        Hartford, CT  06105
        Federal Bar #ct05228
        E-Mail:  richard.biggar@po.state.ct.us
        Tel: (860) 808-5450
        Fax: (860) 808-5591

## <u>CERTIFICATION</u>

I hereby certify that on June 11, 2008, a copy of the foregoing Answer and Affirmative Defenses to Plaintiff's Amended Complaint, Dated April 21, 2008, was filed electronically [and served by mail on anyone unable to accept electronic filing].  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing].  Parties may access this filing through the Court's system.

_____/s/_____
Richard T. Biggar
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Tel:  (860) 808-5450
Fax: (860) 808-5591
E-Mail:   richard.biggar@po.state.ct.us

8