UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IRA ALSTON | : | CIVIL NO. 3:07CV473(RNC)(DFM) |
| v. | : | |
| JASON CAHILL, ET AL. | : | OCTOBER 14, 2008 |

## THE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE PLAINTIFF'S THIRD AMENDED COMPLAINT, DATED AUGUST 28, 2008, AND FILED SEPTEMBER 24, 2008

1.      The first unnumbered paragraph is denied as vague, incomplete and/or inaccurate.

2.      Paragraphs 2 and 3 are denied.

3.      Paragraph 4 is admitted.

4.      The first sentences of Paragraphs 5, 6 and 7 are admitted.  The remainder of those paragraphs are denied as incomplete and/or inaccurate.

5.      Paragraph 8 is denied as incomplete and/or inaccurate.

6.      The first sentences of Paragraphs 9, 10 and 11 are admitted.  The remainder of those paragraphs are denied as incomplete and/or inaccurate.

7.      Paragraph 12 is denied as incomplete and/or inaccurate.

8.      The first sentences of Paragraphs 13, 14 and 15 are admitted.  The remainder of those paragraphs are denied as incomplete and/or inaccurate.

9.      Paragraphs 16 and 17 are denied as incomplete and/or inaccurate.

10.      Paragraph 18 is admitted.

11.      Paragraphs 19, 20, 21 and 22 are denied as incomplete and/or inaccurate.

12.     The first sentence of Paragraph 22 is admitted.  The remainder of that paragraph is denied as incomplete and/or inaccurate.

13.     The defendants have insufficient knowledge and/or belief as to Paragraph 24 and leave the plaintiff to his proof as to those allegations.

14.     The defendants admit, as to Paragraph 25, that at all times relevant to this action that they were acting under color of law.   The remainder of that paragraph is denied as incomplete and/or inaccurate.

15.     Paragraph 26 is admitted only to the extent that the defendants were personally involved in any action or inaction alleged in the plaintiff's complaint.

16.     Paragraphs 27 and 28 are denied.

17.     Paragraphs 29, 30 and 31 are denied as incomplete and/or inaccurate.

18.     Paragraph 32 is denied.

19.     The first sentence of Paragraph 33 is denied.  The second sentence is admitted.

20.     Paragraphs 34, 35, 36, 37, 38, 39, 40, 41 and 42 are denied.

21.     Paragraphs 43, 44, 45 and 46 are denied as incomplete and/or inaccurate.

22.     Paragraph 47 is denied.

23.     Paragraph 48 is denied as incomplete and/or inaccurate.

24.     Paragraphs 49, 50 and 51 are denied.

25.     Paragraphs 52, 53, 54 and 55 are denied as incomplete and/or inaccurate.

26.     The portion of Paragraph 56 which states "[O]n January 11, 2007, plaintiff saw Dr. Wright" is admitted.   The remainder of that paragraph is denied as incomplete and/or inaccurate.

2

27.     Paragraphs 57, 58, 59, 60 and 61 are denied as incomplete and/or inaccurate.

28.     Paragraph 62 is denied.

29.     The portion of Paragraph 63 that states "[f]alsely claiming that plaintiff threatened him" is denied.  The remainder of that paragraph is admitted.

30.     Paragraph 64 is denied as incomplete and/or inaccurate.

31.     Paragraph 65, 66, 67 and 68 are denied.

32.     Paragraph 69 is denied as incomplete and/or inaccurate.

33.     The first sentence of Paragraph 70 is admitted.  The second sentence is denied as incomplete and/or inaccurate.

34.     The first two sentences of Paragraph 71 are denied as incomplete and/or inaccurate.  The remainder of that paragraph is admitted.

35.     Paragraph 72 is denied as incomplete and/or inaccurate.

36.     The first sentence of Paragraph 73 is admitted.  The defendants have insufficient knowledge and/or belief as to the remainder of that paragraph and leave the plaintiff to his proof.

37.     Paragraphs 74 and 75 are denied as incomplete and/or inaccurate.

38.     Paragraph 76 is denied.

39.     The first sentence of Paragraph 77 is denied.  The remainder of that paragraph is denied as incomplete and/or inaccurate.

40.     As to the Plaintiff's First Claim, the defendants incorporate their answers to Paragraphs 1-77 as their answer to Paragraph 78, as if fully set forth herein.

41.     Paragraphs 79 and 80 are denied.

3

42.     As to the Plaintiff's Second Claim, the defendants incorporate their answers to Paragraphs 1-77 as their answer to Paragraph 81, as if fully set forth herein.

43.     Paragraphs 82, 83 and 84 are denied.

44.     As to the Plaintiff's Third Claim, the defendants incorporate their answers to Paragraphs 1-77 as their answer to Paragraph 85, as if fully set forth herein.

45.     Paragraph 86 is denied.

46.     As to the Plaintiff's Fourth Claim, the defendants incorporate their answers to Paragraphs 1-77 as their answer to Paragraph 87, as if fully set forth herein.

47.     Paragraphs 88, 89, 90 and 91 are denied.

48.     As to the Plaintiff's Fifth Claim, the defendants incorporate their answers to Paragraphs 1-77 as their answer to Paragraph 92, as if fully set forth herein.

49.     Paragraphs 93 and 94 are denied.

50.     As to the Plaintiff's Sixth Claim, the defendants incorporate their answers to Paragraphs 1-77 as their answer to Paragraph 95, as if fully set forth herein.

51.     Paragraphs 96 and 97 are denied.

52.     As to the Plaintiff's Seventh Claim, the defendants incorporate their answers to Paragraphs 1-77 as their answer to Paragraph 98, as if fully set forth herein.

53.     Paragraphs 99 and 100 are denied.

54.     As to the Plaintiff's Eighth Claim, the defendants incorporate their answers to Paragraphs 1-77 as their answer to Paragraph 101, as if fully set forth herein.

55.     Paragraphs 102, 103, 104, 105, 106, 107, 108, 109 and 110 are denied.

56.     As to the Plaintiff's Ninth Claim, the defendants incorporate their answers to Paragraphs 1-77 as their answer to Paragraph 111, as if fully set forth herein.

57.     Paragraphs 112, 113 and 114 are denied.

58.     The plaintiff's prayers for relief are denied.

## FIRST AFFIRMATIVE DEFENSE

Insofar as this actions seeks money damages from the defendants in their official capacities, it is a suit against the State of Connecticut and is barred by the Eleventh Amendment.

## SECOND AFFIRMATIVE DEFENSE

The plaintiff has failed to state a claim against the defendants upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

To the extent that state law claims exist in this action and to the extent that they are based on state torts or negligence on the part of the defendants, those claims are barred by Conn. Gen. Stat. §§ 4-141 through 4-164, by Conn. Gen. Stat. § 4-165 and by the doctrine of sovereign immunity.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that this action seeks money damages against the defendants in their individual capacities, the defendants acted with an objective belief that their actions did not violate any clearly established law.  For that reason, they are entitled to qualified immunity from monetary damages.

## FIFTH AFFIRMATIVE DEFENSE

The defendants have not been deliberately indifferent to any of the plaintiff's serious medical needs.

## SIXTH AFFIRMATIVE DEFENSE

Any injuries to the plaintiff were the result of his own misbehavior and/or his assault of the defendants.

## SEVENTH AFFIRMATIVE DEFENSE

The plaintiff was not denied due process by placement in in-cell restraint status, by placement in punitive segregation and loss of other privileges by his placement in administrative segregation or by the raising of his security risk level.  All these decisions are solely within the province of the Department of Correction, its staff and employees.  The plaintiff has no liberty interest in any such classification decisions.

## EIGHTH AFFIRMATIVE DEFENSE

The plaintiff does not allege that defendants Hill, Sayre, Sanders, Savoie or Lantz committed any constitutional violation or state tort against the plaintiff.  They, therefore, lack the requisite personal involvement in this case.

## NINTH AFFIRMATIVE DEFENSE

The plaintiff has not complied with the exhaustion provisions of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

DEFENDANTS
Jason Cahill, Et Al.


RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:     /s/_____
        Richard T. Biggar
        Assistant Attorney General
        110 Sherman Street
        Hartford, CT  06105
        Federal Bar #ct05228
        E-Mail:  richard.biggar@po.state.ct.us
        Tel.:  (860) 808-5450
        Fax:  (860) 808-5591


## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 14th day

of October, 2008:

        Ira Alston, Inmate #275666
        Northern Correctional Institution
        287 Bilton Road
        P.O. Box 665
        Somers, CT 06071


         /s/_____
        Richard T. Biggar
        Assistant Attorney General