```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

IRA ALSTON,                         :
                                    :
    Plaintiff,                      :
                                    :
v.                                  :     CASE NO. 3:07CV473(RNC)
                                    :
JASON CAHILL, ET AL.,               :
                                    :
    Defendants.                     :

                          RULING ON MOTIONS

Pending before the court are several motions. Oral argument was held on December 3, 2008.

A.  <u>Plaintiff's "Motion for Permission to Add and Serve" (doc. #112)</u>

The plaintiff seeks leave to join a new defendant, Frederick Levesque. The plaintiff included Levesque as a defendant in his Third Amended Complaint (doc. #100), which is now the operative complaint.[1] In a notice dated 10/8/08, the court noted that the plaintiff had not been granted leave to join Levesque. The plaintiff subsequently filed his pending Motion for Permission to Add and Serve (doc. #112). He seeks leave to join Levesque as a defendant based on the allegations of the Third Amended Complaint.

During oral argument held on December 3, 2008, the

---

[1] The plaintiff alleges that Levesque is the Department of Corrections' Director of Offender Classification and Population Management and claims, *inter alia*, that he was responsible for the plaintiff's administrative segregation classification. (Third Am. Compl., ¶¶5, 70-76, 106, 108.)

defendants' attorney, Richard Biggar of the Attorney General's office, confirmed that the defendants do not object to adding Levesque.

The plaintiff's motion is granted.  The clerk's office is instructed to add defendant Levesque to the docket and to enter Attorney Biggar's appearance on Levesque's behalf.[2]  The Third Amended Complaint (doc. #100) remains the operative complaint.

Attorney Biggar indicated at oral argument that he would accept service on behalf of defendant Levesque.  He also agreed to accept service on behalf of a previously joined defendant, defendant Light.[3]  (See docs. #89, 108.)  The Pro Se Prisoner Litigation Office shall mail waiver of service of process request packets for defendants Levesque and Light to Attorney Biggar within 5 business days of this Order.

The newly joined defendants' responsive pleadings to the Third Amended Complaint shall be filed on or before December 31, 2008.

Finally, Attorney Biggar represented at oral argument that he would provide the plaintiff with a summary of defendant

---

[2]On December 4, 2008, Attorney Biggar filed an appearance on behalf of defendants Light and Levesque.  (Doc. #121.)

[3]Defendant Light's joinder was permitted by a court order dated 8/7/08 (doc. #89), but the plaintiff did not file the amended complaint until 9/24/08 (doc. #100).  The papers required for service of process were delivered to the U.S. Marshals (see 10/17/08 docket entry) but proof of service has not yet been filed.

Levesque's job title and job duties.  He shall do so by December 31, 2008.

B.   Plaintiff's Motion to Reopen Discovery (doc. #113)

Discovery in this matter closed on May 1, 2008.  Plaintiff's previous counsel, Frank Cannatelli, withdrew his appearance in July 2008.[4]  The plaintiff now moves to reopen discovery.  He explains that, when he received Attorney Cannatelli's file in August, he discovered that pertinent documents were not in it.

Rule 16(b) of the Federal Rules of Civil Procedure provides for entry of a scheduling order that limits the time to complete discovery.  Fed. R. Civ. P. 16(b)(3).  Such scheduling orders "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b).  See also Grochowski v. Phoenix Constr. et. al., 318 F.3d 80, 86 (2d Cir. 2003).

The plaintiff has failed to establish good cause for extending discovery.  Absent extraordinary circumstances, a client is bound by his attorney's actions. See, e.g., Scott v. City of New York Dep't of Corr., No. 04Civ.9638(SHS)(GWG), 2007 U.S. Dist. LEXIS 86533 (S.D.N.Y. Nov. 26, 2007); Michael Grecco Photography, Inc. v. Everett Collection, Inc., No. 07Civ.8171(CM)(JCF), 2008 U.S. Dist. LEXIS 82426 (S.D.N.Y. Oct. 15, 2008).  The mere fact that the plaintiff terminated his

---

[4] Prior to Attorney Cannatelli's appearance, the plaintiff was represented by appointed counsel, David N. Rosen, who withdrew his appearance at the plaintiff's request. (See doc. #36.)

3

attorney and is dissatisfied with counsel's discovery efforts is not sufficient grounds for the court to reopen discovery in a case that is otherwise trial-ready.

Plaintiff's motion to reopen discovery is denied.

C.  <u>Defendants' Motion for Extension of Time to File Trial Preparation Order (doc. #114)</u>

The defendants' unopposed motion for extension of time (doc. #114) is granted, as follows:

The responsive pleadings of defendants Light and Levesque shall be filed on or before **December 31, 2008.**  The Joint Trial Memorandum shall be filed on or before **January 15, 2009** and shall comply with all requirements set forth in the original Scheduling Order (doc. #32) and the addendum thereto.  The case shall be trial-ready on **February 1, 2009,** and shall be tried as soon thereafter as possible.  All other requirements of the original scheduling order remain in effect.

SO ORDERED at Hartford, Connecticut this 5th day of December, 2008.

```
                         _____/s/_____
                              Donna F. Martinez
                              United States Magistrate Judge
```