```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

IRA ALSTON,                       :
                                  :
     Plaintiff,                   :
                                  :
     v.                           :     CASE NO. 3:07CV473(RNC)
                                  :
JASON CAHILL, ET AL.,             :
                                  :
     Defendants.                  :
```

RULING ON MOTIONS

This is a Section 1983 case filed by a *pro se* prisoner. Pending before the court are two motions by the plaintiff seeking additional discovery (docs. #124, 128). Also pending is the plaintiff's Motion for Appointment of Counsel (doc. #146). Finally, the defendants have filed two motions for extension of the deadline for the filing of a Joint Trial Memorandum (docs. #129, 147).

I. Procedural History

  A.   Expiration of Discovery Deadline on May 1, 2008

The plaintiff filed his original, *pro se* complaint on March 27, 2007. Soon after, Judge Chatigny, having conducted an initial review, appointed attorney David Rosen as *pro bono* counsel to the plaintiff. Attorney Rosen withdrew his appearance in late 2007 at the plaintiff's request. Plaintiff subsequently retained Attorney Frank Cannatelli, who appeared for the plaintiff on January 2, 2008 and continued his representation until the plaintiff terminated him in early July 2008. Discovery closed in May 2008. (Doc. #56.) In July 2008, the plaintiff appeared *pro se*. Pursuant to the court's

scheduling order (doc. #32), discovery was to close on March 17, 2008. The defendants requested, and were granted, an extension of that deadline to May 1, 2008. (Docs. #54, 56.) Neither party moved to further extend that deadline prior to its expiration. Since his *pro se* appearance, plaintiff has sought to reopen discovery.

    B.    <u>Joinder of Defendant Valerie Light</u>

On May 6, 2008, plaintiff moved to amend his complaint to correct certain errors. (<u>See</u> doc. #57.) The defendants reported at a subsequent status conference that they did not object, and the motion to amend was granted.[1] (<u>See</u> doc. #65.)

On June 6, 2008, plaintiff moved once more to amend the complaint, this time to make clerical corrections and to add a new defendant, Valerie Light. The motion said that "Deputy Light was originally mentioned multiple times in the original and subsequent complaints but was not formally named or served." (Doc. #70.)

Before the motion was decided, plaintiff's counsel moved to withdraw his appearance. (Doc. #78.) The plaintiff filed a *pro se* appearance on July 21, 2008. (Doc. #84.) On August 7, 2008, the undersigned held a telephonic status conference. The Assistant Attorney General representing defendants reported no objection to

---

[1] The proposed amended complaint, which the court will refer to as the "Second Amended Complaint," was attached to the motion, doc. #57-2. The plaintiff did not file it as a stand-alone complaint after the granting of the motion.

Light's joinder, said he would accept service on her behalf, and would appear for her.  The motion was filed to clean up the record, and no further discovery would result from the joinder.  The court granted the motion, noting that "No further discovery is sought by the parties or will be permitted as a result of these amendments." (Doc. #89.)

The plaintiff was ordered to file his Third Amended Complaint by August 18, 2008.  Due to procedural deficiencies[2], the Third Amended Complaint was not docketed until September 24, 2008 (doc. #100).

C.   Plaintiff's First Efforts to Reopen Discovery

During the August 7, 2008 telephonic conference, plaintiff complained that he had not yet obtained his file.  The defendants' counsel facilitated a quick delivery of the file.[3]  Plaintiff then issued another set of discovery requests and filed a motion (doc. #90) seeking an expedited schedule for the defendants' responses. He explained that, after reviewing the file, he discovered it did not include certain materials he wanted.  The defendants objected

---

[2] The plaintiff attempted to file his complaint earlier.  The Clerk of the Court returned his filing because it included an "e*t al.*" caption rather than listing all defendants as required by Fed. R. Civ. P. 10(a).  (See also doc. #107.)

[3] At the August 7 2008 status conference, the plaintiff reported that the delivery of the files had been delayed due to prison mail procedures.  Attorney Richard Biggar, counsel for the defendants, offered to contact prison authorities to resolve the problem, which he apparently did.  (See doc. #91, reporting that plaintiff received his files the same day as the conference.)

to the requests on the grounds that discovery was closed and that "[t]he plaintiff, after having fired two attorneys, should not be allowed to reopen discovery at this stage in the case." (Doc. #95.)

On September 8, 2008, the court denied plaintiff's motion for an expedited schedule, explaining that "Discovery closed approximately four months ago. Moreover, during a telephonic status conference held on August 7, 2008, both parties represented to the court that no further discovery was required, and the court noted that no further discovery would be permitted." (Doc. #98.)

D.  Joinder of Defendant Levesque

After the plaintiff filed his Third Amended Complaint in September 2008, the court issued a notice pointing out that the caption included the name of a non-party, Frederick Levesque. (Doc. #108.) In response, on October 29, 2008, the plaintiff moved to join defendant Levesque (doc. #112).[4]

At about the same time, the plaintiff also filed a Motion to Reopen Discovery (doc. #113). This motion argued, again, that he wanted discovery in addition to that sought by his prior counsel.

---

[4]Plaintiff argued that his prior counsel had earlier moved to join Levesque. The plaintiff is correct. On February 12, 2008, well before the expiration of discovery, plaintiff's counsel filed a motion seeking to add Levesque as a defendant. (Doc. #52.) In an apparent docketing error, the motion was listed as an "Amended Complaint" rather than a motion so the court never ruled on the plaintiff's request to add Levesque. Until the court's notice (doc. #108), the parties appear to have proceeded under the assumption that Levesque was a defendant.

The court held oral argument on these motions and others on December 3, 2008.  (See Transcript, doc. #141.)  During the argument, the plaintiff was asked whether the joinder of defendant Levesque would require additional discovery.  He stated he wanted a job description for Levesque, and defense counsel agreed to provide it.  In its subsequent order (doc. #122), the court granted the motion to join Levesque and ordered the defendants to produce a summary of his job title and job duties.  The court denied plaintiff's Motion to Reopen Discovery noting that:

> The plaintiff has failed to establish good cause for extending discovery.  Absent extraordinary circumstances, a client is bound by his attorney's actions. See, e.g., Scott v. City of New York Dep't of Corr., No.04 Civ.9638(SHS)(GWG), 2007 U.S. Dist. LEXIS 86533 (S.D.N.Y. Nov. 26, 2007); Michael Grecco Photography, Inc. v. Everett Collection, Inc., No. 07Civ.8171(CM)(JCF), 2008 U.S. Dist. LEXIS 82426 (S.D.N.Y. Oct. 15, 2008).  The mere fact that the plaintiff terminated his attorney and is dissatisfied with counsel's discovery efforts is not sufficient grounds for the court to reopen discovery in a case that is otherwise trial-ready.

(Doc. #122.)  The court ordered the parties to file their Joint Trial Memorandum by January 15, 2009.  (Id.)

II.  Current Motions

In December 2008 and January 2009, the plaintiff filed another round of motions.  The court held a status conference to discuss those motions on February 13, 2009.  Additional motions have since been filed.  The court rules on all of the pending motions as follows:

    A.   Plaintiff's Motion to Modify Scheduling Order (doc. #124)

The plaintiff moves to modify the scheduling order so that he

may conduct discovery as to the two newly joined defendants, Valerie Light and Frederick Levesque. As detailed above, the court has already considered whether the plaintiff is entitled to discovery as to these defendants due to their joinder, and has determined that he is not. The alleged involvement of both of these defendants was known to the plaintiff prior to the expiration of the discovery deadline, and their joinder at this late stage was permitted after the representation that it was a mere formality and would not necessitate additional discovery. The court has afforded the plaintiff much latitude, but the discovery period has ended, and plaintiff has not demonstrated adequate reasons to reopen discovery for an otherwise trial-ready case. Insofar as plaintiff seeks to reopen discovery, the Motion to Modify Scheduling Order is denied.

    B.   <u>Plaintiff's Motion to Compel</u> (doc. #128)

Prior to the close of discovery, plaintiff (through counsel) requested certain videos relating to the incidents at issue in plaintiff's complaint. (<u>See</u> docs. #35, 45, 51.) Defendants produced the videos to plaintiff's counsel on the understanding that they would not be given to the plaintiff because of prison security concerns. (<u>Id.</u>) When plaintiff's counsel withdrew his appearance, he apparently returned the videos to defense counsel rather than sending them to the plaintiff. Now that the plaintiff is *pro se*, he moves to compel production of the videos.

Defendants did not object to plaintiff's Motion to Compel.

During the status conference, they agreed to arrange for him to view the videos within two weeks. Plaintiff agreed to this arrangement. The defendants have since filed an affidavit from a Department of Corrections employee representing that these arrangements were made and that on February 23, 2009, "[a]ll of the existing videos related to this case were shown to plaintiff." (Doc. #144, ¶9.)

The Motion to Compel is therefore denied as moot.

C.   Plaintiff's Motion for Appointment of Counsel (doc. #146)

The plaintiff moves for appointment of counsel. Civil litigants, unlike criminal defendants, do not have a constitutional right to the appointment of counsel. The court exercises substantial discretion in deciding whether to appoint counsel. See Cooper v. A. Sargenti Co., 877 F.2d 170 (2d Cir. 1989). Based on the entire record of the case and after careful consideration, the motion to appoint counsel is granted.

D.   Motions for Enlargement of Time (docs. #129, 147)

The defendants ask for extensions of the deadline to file a Joint Trial Memorandum. Their motions are granted. A deadline for the filing of a Joint Trial Memorandum will be entered in due course.

SO ORDERED at Hartford, Connecticut this 17th day of September, 2009.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge

7