```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

IRA ALSTON,                           :
                                      :
    Plaintiff,                        :
                                      :
    v.                                :       CASE NO. 3:07CV473(RNC)
                                      :
CAHILL, ET AL.,                       :
                                      :
    Defendants.                       :

RECOMMENDED RULING
ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

    The plaintiff is a State of Connecticut inmate.  Pending before the court is the plaintiff's "Application for Preliminary Injunction-Temporary Restraining Order," doc. #158.[1]  Plaintiff seeks a temporary restraining order and preliminary injunction preventing personnel of the Department of Correction from approaching within 200 feet of the plaintiff or his property and from harassing him in retaliation for this lawsuit.[2]  The magistrate judge recommends that the motion be denied.[3]

    "[I]nterim injunctive relief is an extraordinary and drastic

---

[1] District Judge Robert N. Chatigny referred the plaintiff's motion to the undersigned for a recommended ruling on June 1, 2010. (Doc. #172.)

[2] At the time he filed the pending motions, plaintiff was proceeding *pro se*.  The court has since appointed counsel to represent him.

[3] If, as in this case, "'the record before the district court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony.'" Cerilli v. Rell, No. 3:08cv242(SRU), 2010 U.S. Dist. LEXIS 31585, *5 (D. Conn. Mar. 31, 2010), quoting 7 James W. Moore, et al., Moore's Federal Practice 65.04[3] (2d ed. 1995).

remedy which should not be routinely granted." Buffalo Forge Co. v. Ampco-Pittsburgh Corp., 638 F.2d 568, 569 (2d Cir. 1981) (internal citation and quotation marks omitted).  "In addition, a federal court should grant injunctive relief against a state or municipal official 'only in situations of most compelling necessity.'" Cerilli v. Rell, No. 3:08cv242(SRU), 2010 U.S. Dist. LEXIS 31585, *3 (D. Conn. Mar. 31, 2010), quoting Vorbeck v. McNeal, 407 F. Supp. 733, 739 (E.D. Mo. 1976), aff'd 426 U.S. 943 (1976).  Generally, "a party seeking a preliminary injunction [must] show (a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30, 35 (2d Cir. 2010)(internal citations and quotation marks omitted).  See also Johnson v. Connolly, No. 08-4350-pr, 2010 U.S. App. LEXIS 10568, *2 (2d Cir. May 25, 2010).[4]  "When the

---

[4] The result would be no different under the test set forth in Salinger v. Colting, No. 09-2878-cv, 2010 U.S. App. LEXIS 8956, *20 (2d Cir. Apr. 30, 2010). Under that test, which the Second Circuit has not expressly extended to preliminary injunctions in prisoner cases, "'[a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.'" Id., quoting eBay v. MercExchange, LLC, 547 U.S. 388, 391 (2006).

movant seeks a 'mandatory' injunction -- that is, as in this case, an injunction that will alter rather than maintain the status quo -- she must meet the more rigorous standard of demonstrating a 'clear' or 'substantial' likelihood of success on the merits." Doninger v. Niehoff, 527 F.3d 41, 47 (2d Cir. 2008). A motion for a temporary restraining order is governed by the same standards as a motion for a preliminary injunction. See Local 1814, Int'l Longshoremen's Ass'n v. New York Shipping Ass'n, 965 F.2d 1224, 1228 (2d Cir. 1992).

    The plaintiff has failed to make a showing of irreparable harm. Most of the retaliation or harassment that the plaintiff alleges in his motion occurred nearly three years ago.[5] The plaintiff has not pointed to any facts suggesting that the alleged misconduct is ongoing, that repetitions of it are imminent or that he will suffer damages that cannot be remedied by an award of monetary damages. Construing the plaintiff's motion liberally, he has not made the showing required for the entry of any injunction, much less a broad order barring guards at a state high-security correctional institution from approaching an inmate.

---

[5] The only exception is plaintiff's allegation that a correctional officer asked him on September 11, 2009 whether the plaintiff intended "to continue to go to war" and reminded him that nothing happened the last time he "snitched" on the officer. (Pl's Mem., doc. #158 at 10.) Assuming plaintiff's allegation to be true, it does not represent such retaliation or harassment as might justify the broad injunction sought by the plaintiff.

The court recommends that the plaintiff's Motion for Preliminary Injunction, doc. #158, be DENIED.  Plaintiff's Motion to Expedite Ruling, doc. #162, is DENIED as moot.  Plaintiff's Motion for Evidentiary Hearing, doc. #166, is DENIED.

Any party may seek the district court's review of this recommendation.  See 28 U.S.C. § 636(b)(written objections to proposed findings and recommendations must be filed within fourteen days after service of same); Fed. R. Civ. P. 6 & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Thomas v. Arn, 474 U.S. 140, 155 (1985); Frank v. Johnson, 968 F.2d 298, 300(2d Cir. 1992).  Failure to timely object to a magistrate judge's report will preclude appellate review.  Small v. Sec'y of Health and Human Serv.s, 892 F.2d 15, 16 (2d Cir. 1989).

SO ORDERED at Hartford, Connecticut this 22nd day of June, 2010.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge