UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IRA ALSTON                  :        CIVIL NO. 3:07CV473 (RNC)

   v.                       :

JASON CAHILL, ET AL.         :        OCTOBER 25, 2010

## DEFENDANTS' MOTION IN LIMINE

The defendants respectfully move, pursuant to this Court's Chambers Practices and Rule 11 Fed. R. Civ. P. to limit the trial in this case to the sole defendants who were listed on the incident reports involving plaintiff's assault on Correction Officer Strozier and Correction Officer Diaz, on November 12, 2006. Those six defendants are: Miguel Diaz, Wilbur Strozier, Jason Cahill, Jon Donovan, Bruce Moyer, Adam Vasquez. For this reason, the defendants submit a simple verdict form, with one count, alleging unconstitutional use of force, maliciously and sadistically for the very purpose of causing harm. Hudson v. McMillan, 503 U.S. 1, 112 S.Ct. 995, 1000 (1992) quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.) cert. denied, John v. Johnson, 414 U.S. 1033 (1973).

The defendants respectfully move *in limine*, and claim there is no factual basis for a claim of deliberate indifference to plaintiff's medical needs. [1]

---

[1] This Court has inherent authority to dismiss *sua sponte* all of plaintiff's baseless claims. In the context of setting forth the standard for dismissal of an *in forma pauperis* action under 28 U.S.C. § 1915(e)(2)(B)(I), the Court of Appeals for the Second Circuit has explained that "[a]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted). A legal theory is "indisputably meritless" when it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." Id. quoting Neitzke v. Williams, 490 U.S. 319, 327, 104 L. Ed. 2d 338, 109 S. Ct. 1827 (1989)); See Denton v. Hernandez, 504 U.S. 25, 33, 118 L. Ed. 2d 340, 112 S. Ct. 1728 (1992).

The defendants further move *in limine* to exclude therefore any and all claims against the so-called "medical defendants," i.e. licensed health care professionals who, based on the hundreds of pages of medical records provided to plaintiff's counsel, provided to plaintiff ample and abundant medical care, including triage, evaluation and treatment of a variety of subjective complaints made by plaintiff. Thus, the defendants respectfully claim that there is no factual or legal basis for any claims against the following health care professional staff: Dr. Carson Wright, Wendy Sanders, RN, Barbara Savoie, RN, Nancy Hill, RN, and Ray Sayre, RN, who is now deceased. [2]

Next, the defendants respectfully move *in limine* to exclude any and all claims of alleged "retaliation" where as here, there is no factual basis for such claims. There is no evidence that anyone acted in "retaliation" for plaintiff having filed a grievance. Further, there is no evidence that the DOC investigation into plaintiff's allegations of excessive force were in any way influenced by the fact that plaintiff filed a lawsuit. In fact, the timing of plaintiff's lawsuit make such an allegation factually impossible and therefore such a claim can be dismissed sua sponte under Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct 1937 (2009).

In Dawes v. Walker, 239 F.3d 489 (2d Cir. 2001), the Second Circuit noted that courts must approach prisoner claims of retaliation with skepticism and particular care. See Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983). This is true for several reasons. First, claims of retaliation are difficult to dispose of on the pleadings because they involve questions of intent and are therefore easily fabricated. Second, prisoners' claims of retaliation pose a substantial risk of unwarranted judicial intrusion into matters of general prison administration. This is so because virtually any adverse action taken against a prisoner by a prison official--even those

---

[2] Defendants file, on even date herewith, a Suggestion of Death Upon the Record pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure.

otherwise not rising to the level of a constitutional violation--can be characterized as a constitutionally proscribed retaliatory act.

Next, the defendants move *in limine* to exclude any and all claims against supervisory officials who are solely named because of their prevent or previous positions within the hierarchy and chain of command of the Department of Correction (DOC). First and foremost, there is no evidence of any actual participation by former Commissioner Theresa Lantz, and she should be dismissed forthwith. "Commissioner Lantz, as a supervisory official, cannot be held liable under § 1983 solely for the acts of her subordinates; her conduct itself must be unconstitutional. See Ayers v. Coughlin, 780 F.2d 205, 210 (2d Cir. 1985)." Sosa v. Lantz, Civil No. 3:09cv869 (JBA), 2010 U.S. Dist. LEXIS 103535 (D. Conn. Sept. 30, 2010). Similarly, the following defendants have not been named to have been personally involved in the misconduct which is alleged: Scott Salius ( a supervisory captain), Melvin Saylor ( a supervisory lieutenant), Deputy Warden Terrence Rose ( plaintiff misnames this supervisory defendant and asserts he is a correction officer), Deputy Warden Valerie Light (not alleged to have done anything at all), Deputy Warden Rodriguez ( alleged to be a correction officer), Director of Classification Fred Levesque. Plaintiff's conclusory assertions of "retaliation" and supervisory liability lack sufficient facts of actual conduct and are simply not entitled to be credited because they lack plausibility.

To survive *sua sponte* dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal,    U.S.   , 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (internal quotation marks and citations omitted).

3

A complaint that includes only "'labels and conclusions, ' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. Id.

Additionally, plaintiff's assertions about lack of due process are similarly completely refuted and belied by the ample documentation provided to plaintiff's counsel of Administrative Segregation hearings which were held concerning the plaintiff. Additionally, plaintiff's disciplinary reports were provided, which abundantly document and support the reasonable and objective basis for plaintiff's classification. For the additional reasons which will be discussed at the pre-trial conference, defendants respectfully claim their motion in line should be granted.

          DEFENDANTS
          Jason Cahill, Et Al.

          RICHARD BLUMENTHAL
          ATTORNEY GENERAL

          BY:__/s/_____
          Steven R. Strom
          Assistant Attorney General
          110 Sherman Street
          Hartford, CT 06105
          Federal Bar #ct01211
          E-Mail: steven.strom@ct.gov
          Tel.: (860) 808-5450
          Fax: (860) 808-5591

**CERTIFICATION**

I hereby certify that on **October 25, 2010,** a copy of foregoing **Defendants' in Limine** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. I hereby certify that a copy of the foregoing was mailed to the following on this 25th day of October, 2010:

    Thomas J. Finn
    Paula Cruz Cedillo
    Jorden Burt-Simsbury
    175 Powder Forest Drive
    Suite 201
    Simsbury, CT 06089

                                                                  /s/
                                                    Steven R. Strom
                                                    Assistant Attorney General