UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IRA ALSTON, | : | CIVIL ACTION NO.: |
| | : | 3:07 CV 00473 (RNC) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JASON CAHILL, ET AL. | : | |
| | : | |
| Defendants. | : | NOVEMBER 8, 2010 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE REGARDING PLAINTIFF'S PRIOR CONVICTIONS**

The plaintiff, Ira Alston ("Plaintiff"), respectfully submits this memorandum of law in support of Plaintiff's Motion *in Limine* to preclude the Defendants[1] from offering any documentary or testimonial evidence regarding the Plaintiff's prior convictions and sentencing, including the conviction for which he is currently incarcerated. Alternatively, if evidence relating to Plaintiff's prior convictions is held to be admissible, Defendants should only be permitted to impeach the Plaintiff during cross-examination by offering evidence that he is serving prison time for a felony conviction without identifying the name or underlying details of the offense.

**BACKGROUND**

This is a civil rights action by a prisoner seeking monetary damages under 42 U.S.C. §§ 1983 and 1988. Plaintiff alleges that he was subjected to excessive force, denied necessary medical care, unlawfully placed into punitive and administrative segregation while incarcerated

---

[1] The Defendants in this matter are Fred Levesque, Jefferey McGill, Scott Salius, Jason Cahill, Melvin Saylor, Miguel Diaz, Jon Donovan, Neftali Rodriquez, Bruce Moyer, Wilbur Strozier, Adam Vazquez, Dr. Carson Wright, Terrence Rose, Theresa Lantz, Nancy Hill, Ray Sayre, Wendy Sanders, Barbara Savoie, and Valerie Light.

1

at Northern Correctional Institution, and unfairly and unlawfully retaliated against in violation of his First, Eighth, and Fourteenth Amendment Rights.  Plaintiff also claims a state law cause action for assault and battery.  Declaratory and injunctive relief and punitive damages are also sought.

On November 1, 2002, Plaintiff was convicted of Manslaughter in the First Degree with a Firearm, C.G.S. § 53a-55a, and sentenced to thirty-five (35) years.  Also on November 1, 2002, Plaintiff was convicted of Carrying a Pistol without a Permit, C.G.S. § 29-35(a), and sentenced to three (3) years, to run concurrently (Plaintiff's convictions for Manslaughter in the First Degree with a Firearm, C.G.S. § 53a-55a, and Carrying a Pistol without a Permit, C.G.S. § 29-35(a) are collectively referred to as the "2002 Convictions").

On May 14, 2003, Plaintiff was convicted of Larceny in the Third Degree, C.G.S. § 53a-124, and Failure to Appear in the First Degree, C.G.S. § 53a-172.  Plaintiff was sentenced to two (2) years, to run concurrently, for both of these offenses.  Also on May 14, 2003, Plaintiff was convicted of First Degree Use of a Motor Vehicle Without the Owner's Permission, C.G.S. § 53a-119b(a), a misdemeanor, and sentenced to one (1) year to run concurrently (Plaintiff's convictions for Larceny in the Third Degree, C.G.S. § 53a-124, Failure to Appear in the First Degree, C.G.S. § 53a-172, and First Degree Use of a Motor Vehicle Without the Owner's Permission, C.G.S. § 53a-119b(a) are collectively referred to as the "2003 Convictions.") Defendants indicate their intention to introduce "Plaintiff's criminal conviction record" in the Joint Trial Memorandum [Doc. No. 194]. [2]

---

[2] Defendants also indicate in the Joint Trial Memorandum their intention to introduce Plaintiff's mittimuses.  See Joint Trial Mem. [Doc. No. 194] at 26.  By way of the instant Motion, Plaintiff seeks to exclude evidence of Plaintiff's prior convictions whether introduced through documentary or testimonial evidence and, therefore, any evidence of Plaintiff's mittimuses should also be precluded.  Should Defendants seek to introduce Plaintiff's mittimuses for any purpose other than attempting to demonstrate Plaintiff's prior convictions, Plaintiff expressly reserves the right to object to the introduction of Plaintiff's mittimuses.

**ARGUMENT**

Defendants should not be permitted to present evidence of Plaintiff's prior convictions. Plaintiff's allegations relate to an incident that occurred on November 12, 2006, when various corrections officers severely beat him, falsely claiming he was the aggressor, as well as subsequent misconduct by prison employees and officials. It is clear that Defendants seek to introduce evidence of Plaintiff's prior convictions to argue that Plaintiff has a propensity for violent and assaultive behavior. However, such propensity evidence is improper under Rule 404(b) of the Federal Rules of Evidence. Moreover, Plaintiff's prior convictions should also be precluded from use as impeachment evidence pursuant to Rule 609 of the Federal Rules of Evidence. Plaintiff's prior convictions are not probative of the underlying incident, Defendants' misconduct after the incident, or Plaintiff's credibility. Thus, introduction of these convictions would only serve to prejudice Plaintiff in the eyes of the jury. Nonetheless, if evidence of Plaintiff's prior convictions is held admissible, Defendants should only be permitted to impeach Plaintiff during cross examination by offering evidence that he is serving prison time for a felony conviction without identifying the name or underlying details of the offense.

**I.    EVIDENCE OF PLAINTIFF'S 2002 CONVICTIONS SHOULD BE EXCLUDED UNDER RULE 404(b)**

Defendants should not be permitted to introduce evidence concerning Plaintiff's 2002 Convictions because such evidence is improper pursuant to Rule 404(b) of the Federal Rules of Evidence. Moreover, evidence of Plaintiff's 2002 Convictions should be precluded as impeachment evidence because it does not satisfy the balancing test of Rule 609 of the Federal Rules of Evidence.

### A. Evidence of Plaintiff's 2002 Convictions Should be Precluded Under Federal Rule of Evidence 404(b)

Rule 404(b) of the Federal Rules of Evidence provides, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." FED. R. EVID. 404(b). If Defendants seek to introduce evidence of Plaintiff's 2002 Convictions, it is clear that they will do so in order to raise an inference that Plaintiff has aggressive or violent tendencies in order to argue that Plaintiff was the initial aggressor as a justification for excessive force used against him on November 12, 2006. While Rule 404(b) does provide certain exceptions where such evidence is offered to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, none of these exceptions apply in the instant matter because none of the bases for relying on these exceptions are at issue in this case. See FED. R. EVID. 404(b); Holloway v. Mitchell-Oddey, 488 F. Supp. 2d 239, 240 (N.D.N.Y 2007) (granting plaintiff's motion in limine in § 1983 excessive force case to exclude evidence of prior assault conviction under Rule 404(b) where such evidence would only be used to show propensity with respect to issue of initial aggressor). Accordingly, the introduction of Plaintiff's 2002 Convictions should be precluded under Rule 404(b).

### B. Evidence of Plaintiff's 2002 Convictions Should be Precluded under Federal Rule of Evidence 609

Plaintiff's 2002 Convictions were not crimes involving dishonesty or false statement. See Background, supra. Thus, Rule 609(a)(1) of the Federal Rules of Evidence governs whether evidence of these convictions may be admitted for purposes of impeachment. Rule 609(a)(1) provides that for the purpose of attacking the character for truthfulness of a witness, "evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to

4

Rule 403, if the crime was punishable by death or imprisonment in excess of one year . . . " FED. R. EVID. 609.  Rule 403 provides, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403.

> In balancing the probative value against prejudicial effect under [Rule 609], courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness.

Twitty v. Ashcroft, No. 3:04-cv-410 (DFM), 2010 WL 1677757, at *1 (D. Conn. Apr. 23, 2010) (quoting Daniels v. Loizzo, 986 F. Supp. 245, 250 (S.D.N.Y. 1997)) (internal quotation omitted). The most important of these factors is the first – whether the crime, by its nature, is probative of untruthfulness.  See Twitty, 2010 WL 1677757, at *1 (quoting United States v. Brown, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009)).  Plaintiff's 2002 Convictions are not probative of truthfulness or untruthfulness.  See United States v. Estrada, 430 F.3d 606, 617-18 (2d Cir. 2005) (recognizing that convictions resting on violent or assaultive crimes generally do not relate to credibility); Twitty, 2010 WL 1677757, at *2 ("convictions for threatening are not particularly probative as to honesty or veracity").  However, the danger of unfair prejudice that would result should evidence of these convictions be admitted is substantial and severe.  Evidence of the 2002 Convictions is likely to prejudice the jury to such a degree that their weighing of all the factual issues in the entire case will be impaired.  See e.g., Day v. Milling, No. 3:95CV 1704 JGM, 2000 WL 435430, at *3 (D. Conn. Feb. 22, 2000) (discussing the potential for a murder conviction to prejudice the jury to such a degree that the entire case may be impaired).

5

Moreover, the remaining factors also favor preclusion.  The 2002 Convictions are already eight (8) years old and bear no similarity to the incident underlying this lawsuit.  Accordingly, evidence of the 2002 Convictions should be excluded under Rule 609(a)(1) because the danger of unfair prejudice substantially outweighs any probative value.

## II.  EVIDENCE OF PLAINTIFF'S 2003 CONVICTIONS SHOULD BE EXCLUDED UNDER RULE 609

Similarly, Plaintiff's 2003 Convictions do not involve crimes of dishonesty or false statement.  Thus, Rule 609(a)(1) of the Federal Rules of Evidence govern whether evidence of these convictions may be admitted for purposes of impeachment.  As with Plaintiff's 2002 Convictions, because the danger of unfair prejudice substantially outweighs any probative value, evidence of the 2003 Convictions should also be precluded.

### A.  Plaintiff's Conviction For Larceny in the Third Degree Should be Precluded

Plaintiff's conviction for Larceny in the Third Degree should be analyzed under Rule 609(a)(1).  See Haynes v. Kanaitis, No. Civ.A.3:99CV2551(CFD), 2004 WL 717115, at * 2 fn.2 (D. Conn. Mar. 3, 2004) (analyzing Larceny in the Third Degree under Rule 609(a)(1) where Defendants did not demonstrate that such conduct involved dishonesty or false statement); see also United States v. Hayes, 553 F.2d 824, 827 (2d Cir. 1977) ("Congress emphasized that the second prong [of Rule 609] was meant to refer to convictions 'peculiarly probative of credibility,' such as those for 'perjury or subordination of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi.") Because Larceny in the Third Degree is not peculiarly probative of credibility, introducing evidence of Plaintiff's conviction will only serve to prejudice Plaintiff.  The jury will already be aware of the fact that Plaintiff is an inmate by virtue of the underlying facts of the lawsuit, allowing evidence of this conviction to be admitted will only further prejudice Plaintiff in the

eyes of the jury. Accordingly, because the probative value of this conviction is de minimis, using the balancing test of Rule 403 it is clear that the danger of unfair prejudice substantially outweighs any slight probative value. Thus, evidence of Plaintiff's conviction for Larceny in the Third Degree should be precluded.

    **B.**    **Plaintiff's Conviction for Failure to Appear in the First Degree Should be Precluded**

Plaintiff's conviction for Failure to Appear in the First Degree also should be analyzed under Rule 609(a)(1) as it does not involve dishonesty or false statement and is not peculiarly probative of credibility. See e.g. Hayes, 553 F.2d at 827. Thus, the admissibility of this conviction is subject to the Rule 403 balancing test and also should be precluded because any probative value is substantially outweighed by the danger of unfair prejudice.

    **C.**    **Plaintiff's Conviction For Use of a Motor Vehicle Without the Owner's Permission Should Be Precluded**

Plaintiff's conviction for First Degree Use of a Motor Vehicle Without the Owner's Permission, C.G.S. § 53a-119b(a), does not involve dishonesty or false statement. See Haynes v. Kanaitis, No. Civ.A.3:99CV2551(CFD), 2004 WL 717115, at * 1 (D. Conn. Mar. 3, 2004) ("To determine whether the crime of conviction is one involving dishonesty and, thus, admissible under Rule 609(a)(2), the court must look to the elements which the prosecutor had to prove in order to convict the defendant, not the details of the crime") (emphasis added). A conviction under C.G.S. § 53a-119b(a) does not require proof of dishonesty or false statement. See C.G.S. § 53a-119b(a)(1). Moreover, this conviction is a misdemeanor and, as such, is punishable by a term of imprisonment of not more than one (1) year. See C.G.S. § 53a-26. Rule 609 provides "evidence . . . of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year . . ." FED. R. EVID. 609(a) (emphasis added).

Accordingly, Rule 609(a) explicitly excludes misdemeanors which are punishable by imprisonment of one year or less. Thus, this conviction is not admissible.

### III. ALTERNATIVELY, IF PLAINTIFF'S CONVICTIONS ARE DEEMED ADMISSIBLE, EVIDENCE SHOULD BE LIMITED TO THE FACT THAT PLAINTIFF IS A CONVICTED FELON CURRENTLY IN THE CUSTODY OF THE STATE OF CONNECTICUT

Plaintiff maintains that evidence related to his prior convictions should not be admitted. However, should any of the 2002 or 2003 Convictions be deemed admissible, the evidence should be limited to the fact that Plaintiff is a convicted felon in the custody of the State of Connecticut. See Twitty v. Ashcroft, No. 3:04-cv-410 (DFM), 2010 WL 1677757, at *3 (D. Conn. Apr. 23, 2010) (admitting the sentence and date of plaintiff's felony convictions, but excluding the name and nature of the convictions); Livingston v. Lee, No. 9:04-cv-00607-JKS, 2007 WL 3197517 (N.D.N.Y. Oct. 26, 2007) (holding that in prisoner's § 1983 action the potential prejudicial effect of Plaintiff's crime outweighed any probative value it may have had as to Plaintiff's credibility such that the jury would be advised that Plaintiff was a convicted felon in the custody in New York but that evidence of the particular crime and his sentence would not be admitted); Young v. Calhoun, No.: 85 CIV. 7584 (SWK), 1995 WL 169020, at * 4 (S.D.N.Y. Apr. 10, 1995) (holding that defendants may impeach plaintiff concerning the fact that he is a convicted felon but not as to details of the offense).

### CONCLUSION

For the foregoing reasons, the plaintiff, Ira Alston, respectfully requests that the Court grant his Motion *in Limine* to Exclude Evidence Regarding Plaintiff's Prior Convictions.

Dated: November 8, 2010            RESPECTFULLY SUBMITTED,
       Simsbury, Connecticut

THE PLAINTIFF
IRA ALSTON

By: /s/ Thomas J. Finn
    Thomas J. Finn
    Federal Bar No.: ct 20929
    tjf@jordenusa.com
    Paula Cruz Cedillo
    Federal Bar No.: ct 23485
    pcc@jordenusa.com
    Liam S. Burke
    Federal Bar No.: ct 27739
    lsb@jordenusa.com
    JORDEN BURT LLP
    Suite 301
    175 Powder Forest Drive
    Simsbury, Connecticut 06089
    Tel.: 860.392.5000
    Fax: 860.392.5058

**CERTIFICATION**

       I hereby certify that on this 8th day of November, 2010 a copy of the foregoing Memorandum of Law in Support of Plaintiff's Motion *in Limine* to Exclude Evidence Regarding Plaintiff's Prior Convictions was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                                                     /s/ Thomas J. Finn
                                                                       Thomas J. Finn