UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IRA ALSTON, | : | CIVIL ACTION NO.: |
| | : | 3:07 CV 00473 (RNC) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JASON CAHILL, ET AL. | : | |
| | : | |
| Defendants. | : | NOVEMBER 8, 2010 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE REGARDING PLAINTIFF'S PRE-INCIDENT DISCIPLINARY HISTORY, PRE-INCIDENT INMATE MASTER FILE, AND REFERENCES TO ALLEGED GANG RELATED ACTIVITY**

The plaintiff, Ira Alston ("Plaintiff"), respectfully submits this memorandum of law in support of Plaintiff's Motion *in limine* to preclude the Defendants[1] from offering any documentary or testimonial evidence regarding Plaintiff's inmate disciplinary history and inmate master file concerning events that occurred prior to November 12, 2006, the date of the incident giving rise to this lawsuit. Pursuant to Federal Rule of Evidence 404(b), evidence of Plaintiff's disciplinary history and inmate master file concerning events that occurred prior to November 12, 2006, is not admissible. Alternatively, even if Plaintiff's pre-incident disciplinary history and/or pre-incident inmate master file are held to be admissible, each should be excluded under Federal Rule of Evidence 403, as their probative value is substantially outweighed by the unfair prejudice such evidence will inflict upon Plaintiff.

---

[1] The Defendants in this matter are Fred Levesque, Jefferey McGill, Scott Salius, Jason Cahill, Melvin Saylor, Miguel Diaz, Jon Donovan, Neftali Rodriquez, Bruce Moyer, Wilbur Strozier, Adam Vazquez, Dr. Carson Wright, Terrence Rose, Theresa Lantz, Nancy Hill, Ray Sayre, Wendy Sanders, Barbara Savoie, and Valerie Light.

1

Additionally, all references made to, or evidence concerning, allegations of Plaintiff's involvement in gang related activity should also be excluded pursuant to Rule 403 of the Federal Rules of Evidence.

## BACKGROUND

This is a civil rights action by a prisoner seeking monetary damages under 42 U.S.C. §§ 1983 and 1988. Plaintiff alleges that he was subjected to excessive force, denied necessary medical care, unlawfully placed into punitive and administrative segregation while incarcerated at Northern Correctional Institution, and unfairly and unlawfully retaliated against, in violation of his First, Eighth, and Fourteenth Amendment Rights. Plaintiff also claims a state law cause action for assault and battery. Declaratory and injunctive relief and punitive damages are also sought.

Defendants have indicated an intention to introduce Plaintiff's disciplinary history and inmate master file. See Joint Trial Mem. [Doc. No. 194] at 26.

## ARGUMENT

**I.  Plaintiff's Pre-Incident Disciplinary History and Pre-Incident Inmate Master File Should be Excluded Under Rule 404(b).**

Rule 404(b) of the Federal Rules of Evidence provides, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Rule 404(b) provides certain exceptions to this where such evidence is offered to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. See FED. R. EVID. 404(b). However, none of these exceptions apply in the instant matter because none of the bases for relying on these exceptions are at issue in this case. See Hynes v. Coughlin, 79 F.3d 285, 291 (2d Cir. 1996) ("where there is no tenable basis for

contending that there was an issue such as intent or knowledge, it is error to admit an inmate's disciplinary record to support the inference that he had a 'penchant for violent conduct'"); Holloway v. Mitchell-Oddey, 488 F. Supp. 2d 239, 240 (N.D.N.Y 2007) (citing Lombardo v. Stone, 99-Civ-4603, 2002 WL 113913 (S.D.N.Y 2002)) ("disciplinary records of a state ward plaintiff, *e.g.*, a prison inmate or psychiatric patient, are almost always inadmissible because of Rule 404(b)") (internal quotations omitted).

Defendants should not be permitted to present documentary or testimonial evidence concerning Plaintiff's disciplinary history or inmate master file for events that occurred prior to the date of the incident underlying this lawsuit, November 12, 2006. Defendants clearly would offer this evidence in an attempt to demonstrate that Plaintiff had a propensity for violence, confrontations with corrections officers, and aggressive behavior, and acted in conformity therewith on the date of the incident.[2] This is precisely the type of evidence that Rule 404(b) of the Federal Rules of Evidence excludes.

Defendants argue that the excessive force used on Plaintiff on November 12, 2006, was reasonable because Plaintiff stepped out of his cell with "clenched fists in an aggressive posture." See Joint Trial Mem. [Doc. No. 194] at 4. It is clear that if Defendants seek to introduce evidence of Plaintiff's disciplinary history or inmate master file for events preceding the November 12, 2006 incident, it will be for the improper purpose of attempting to establish Plaintiff's character as a "violent assaultive prisoner." See Joint Trial Mem. [Doc. No. 194] at 2. Indeed, this evidence is no doubt only being offered to show such a propensity. See Holloway v. Mitchell-Oddey, 488 F. Supp. 2d 239, 240 (N.D.N.Y) ("The primary issue in this case is who initiated the interaction between Plaintiff and Defendants. Neither Plaintiff's prison disciplinary

---

[2] Plaintiff's pre-incident disciplinary history and inmate master file contain references to, inter alia, fighting and assault on a Department of Corrections employee.

3

record, nor his past conviction for assault, has relevance to this issue for any purpose except to show propensity").

Improper use of propensity evidence was also an issue in <u>Hynes v. Coughlin</u>, 79 F.3d 285, 286 (2d Cir. 1996), a § 1983 action brought by an inmate alleging unreasonable use of force in which one of the principal issues was the identity of the initial aggessor.  In <u>Hynes</u>, the Second Circuit recognized that "where there is no tenable basis for contending that there was an issue such as intent or knowledge, it is error to admit an inmate's disciplinary record to support the inference that he had a 'penchant for violent conduct.'"  <u>See</u> <u>Hynes</u>, 79 F.3d at 290-91.  The Second Circuit held that the district court improperly admitted evidence of the plaintiff's disciplinary history and remanded the case for a new trial in which plaintiff's disciplinary history would be excluded.  <u>Hynes</u>, 79 F.3d at 292-93.  These same considerations are present in the instant matter.  Defendants should not be permitted to present evidence of Plaintiff's pre-incident disciplinary infractions to show action in conformity therewith on the date of the incident.  Accordingly, evidence of Plaintiff's pre-incident disciplinary history and pre-incident inmate master file should be precluded as improper character evidence under Rule 404(b) of the Federal Rules of Evidence.

## II.     Plaintiff's Pre-Incident Disciplinary History and Pre-Incident Inmate Master File Should be Excluded Under Rule 403

The Federal Rules of Evidence provide that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.  <u>See</u> FED. R. EVID. 403.  In the event that Plaintiff's pre-incident disciplinary history and/or inmate master file are held to be admissible under Rule 404, each should nonetheless be excluded under Rule 403 of the Federal Rules of Evidence because

their probative value is substantially outweighed by the danger of unfair prejudice.  See FED. R. EVID. 403.  The introduction of either of Plaintiff's pre-incident disciplinary history or pre-incident inmate master file would severely prejudice Plaintiff despite each having little or no probative value with respect to the issues in this lawsuit.  Indeed, the underlying issues in this lawsuit only arose after November 12, 2006.  Thus, the danger of unfair prejudice if Plaintiff's pre-incident disciplinary history or pre-incident inmate master file are admitted far outweighs any probative value.  Accordingly, evidence of Plaintiff's pre-incident disciplinary history and pre-incident inmate master file should be precluded under Rule 403 of the Federal Rules of Evidence.

**III.   Evidence Concerning Plaintiff's Alleged Involvement in Gang Related Activity Should Be Precluded Under Rule 403.**

Any evidence concerning Plaintiff's alleged involvement in gang related activity should also be excluded pursuant to Rule 403 of the Federal Rules of Evidence.  Any such evidence will so severely prejudice Plaintiff that it is likely to improperly affect the jury's ability to impartially weigh all of the factual issues.  Indeed, the introduction of such evidence would be so prejudicial it is likely to impair the entire case.  This evidence is precisely the type that Rule 403 contemplates excluding because the danger of unfair prejudice substantially outweighs any probative value.  Accordingly, evidence concerning Plaintiff's alleged involvement in gang related activity should be precluded pursuant to Rule 403.

**CONCLUSION**

For the foregoing reasons, the plaintiff, Ira Alston, respectfully requests that the Court grant his Motion *in Limine* to Exclude Evidence Regarding Plaintiff's Pre-Incident Disciplinary History, Pre-Incident Inmate Master File, and References to Alleged Gang Related Activity.

Dated: November 8, 2010  
       Simsbury, Connecticut

RESPECTFULLY SUBMITTED,

THE PLAINTIFF  
IRA ALSTON

By: /s/ Thomas J. Finn  
    Thomas J. Finn  
    Federal Bar No.: ct 20929  
    tjf@jordenusa.com  
    Paula Cruz Cedillo  
    Federal Bar No.: ct 23485  
    pcc@jordenusa.com  
    Liam S. Burke  
    Federal Bar No.: ct 27739  
    lsb@jordenusa.com  
    JORDEN BURT LLP  
    Suite 301  
    175 Powder Forest Drive  
    Simsbury, Connecticut 06089  
    Tel.: 860.392.5000  
    Fax: 860.392.5058

## **CERTIFICATION**

       I hereby certify that on this 8th day of November, 2010 a copy of the foregoing Memorandum in Support of Plaintiff's Motion *in Limine* to Exclude Evidence Regarding Plaintiff's Pre-Incident Disciplinary History, Pre-Incident Inmate Master File, and References to Gang Related Activity was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


                                                                         /s/ Thomas J. Finn
                                                                           Thomas J. Finn