UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IRA ALSTON, | : | CIVIL ACTION NO.: |
| | : | 3:07 CV 00473 (RNC) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JASON CAHILL, ET AL. | : | |
| | : | |
| Defendants. | : | NOVEMBER 30, 2010 |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION
## TO DEFENDANTS' MOTION IN *LIMINE*

The plaintiff, Ira Alston ("Plaintiff"), respectfully submits this Memorandum of Law in

Opposition to Defendants' Motion in *Limine*, and respectfully requests that the court deny

Defendants' Motion in *Limine*, dated October 25, 2010 ("Defendants' Motion") [Doc. # 191], in

its entirety.[1]  Defendants' Motion is an improper attempt at a belated motion for summary

judgment and/or motion to dismiss, and improperly seeks to exclude entire causes of action and

defendants from this action, not specific evidence.  Accordingly, Defendants' Motion is far too

broad and should be denied in its entirety.

## BACKGROUND

This is a civil rights action by a prisoner seeking monetary damages under 42 U.S.C. §§

1983 and 1988.  Plaintiff alleges that he was subjected to excessive force, denied necessary

medical care, unlawfully placed into punitive and administrative segregation while incarcerated

at Northern Correctional Institution, and unfairly and unlawfully retaliated against, in violation

---

[1] The Defendants in this matter are Fred Levesque, Jefferey McGill, Scott Salius, Jason Cahill, Melvin Saylor, Miguel Diaz, Jon Donovan, Neftali Rodriquez, Bruce Moyer, Wilbur Strozier, Adam Vazquez, Dr. Carson Wright, Terrence Rose, Theresa Lantz, Nancy Hill, Ray Sayre, Wendy Sanders, Barbara Savoie, and Valerie Light.

of his First, Eighth, and Fourteenth Amendment Rights.  Plaintiff also claims a state law cause action for assault and battery.  Declaratory and injunctive relief and punitive damages are also sought.

Defendants' Motion seeks to: (1) limit the trial in this case to the sole Defendants who were listed on incident reports concerning the November 12, 2006, incident at issue in this lawsuit (see Defendants' Motion at 1); (2) exclude any and all claims against the "medical defendants" (see Defendants' Motion at 2); (3) to exclude any and all claims of retaliation (see Defendants' Motion at 2); and (4) to exclude any and all claims against supervisory officials (see Defendants' Motion at 3).  However, Defendants' Motion should be denied because it improperly seeks to exclude entire causes of action and defendants, not specific documents or testimony.

## ARGUMENT

Defendants' Motion asks the Court to rule on the admissibility of all evidence with respect to certain causes of action alleged by Plaintiff and all evidence with respect to particular defendants.  In so doing, Defendants are attempting to use this motion in *limine* as a dispositive motion, which should not be permitted.  Defendants should not now be permitted to argue through a motion in *limine* that which they failed to argue in a motion to dismiss or a motion for summary judgment.  As such, Defendants' Motion should be denied.

## I.    DEFENDANTS' MOTION SHOULD BE DENIED BECAUSE IT IS TOO BROAD

Defendants' Motion seeks to exclude complete causes of action and specific defendants. This relief would have been more properly addressed through a dispositive motion and should be denied at this stage of the litigation.

"A motion in limine may properly be denied where it is too sweeping in scope." Weiss v. La Suisse, 293 F. Supp. 2d 397, 407 (S.D.N.Y. 2003).  Defendants' Motion is far too sweeping in scope.  Defendants' Motion does not identify specific documents or testimony to be excluded, it specifies complete causes of action.  The Court should not permit this belated attempt to obtain relief which would have been more properly sought through a motion for summary judgment or a motion to dismiss.  Accordingly, Defendants' Motion should be denied in its entirety.

## II.    LIMITING THE TRIAL TO THE DEFENDANTS LISTED ON THE INCIDENT REPORTS WOULD DEPRIVE PLAINTIFF OF NUMEROUS CAUSES OF ACTION WHICH HAVE BEEN SUFFICIENTLY PLED

Defendants' Motion seeks to limit the trial in this case to only those defendants who were listed on the incident reports concerning the November 12, 2006, incident at issue in this lawsuit. See Defendants' Motion at 1.  However, Defendants provide no rationale, no rules of evidence, or other authority for why the Court should limit the trial in this respect, which would ignore numerous causes of action and significant facts.  Limiting the trial in this respect to only those defendants listed in the incident reports would summarily ignore Plaintiff's other causes of action and effectively limit this case to a trial on what occurred on November 12, 2006.  This should not be permitted because Plaintiff has pled numerous other causes of action concerning events after the November 12, 2006 incident.  For instance, Plaintiff alleges that as a result of various grievances Plaintiff filed, certain Defendants have retaliated against Plaintiff by filing false disciplinary reports in violation of Plaintiff's First Amendment rights.  See Third Amended Complaint ¶¶ 92 - 94.  Plaintiff specifically names Defendants Saylor and Salius in this count. See Third Amended Complaint ¶¶ 92 - 94.  Yet, according to Defendants' Motion – and without any legal basis or support – these claims should not be heard because these defendants are not listed on the original incident reports.  Again, Defendants are simply attempting to use their

motion in *limine* as a substitute for a motion for summary judgment.  Accordingly, Defendants'

Motion should be denied with respect to Defendants' request to limit the trial to only the

Defendants listed in the incident reports.

**III.    DEFENDANTS' MOTION SHOULD BE DENIED BECAUSE THERE IS A
         FACTUAL BASIS TO SUPPORT PLAINTIFF'S DELIBERATE INDIFFERENCE
         CLAIMS**

Defendants' Motion also seeks to exclude any and all claims against the "medical

defendants," arguing that there is no factual basis to support such claims.  See Defendants'

Motion at 2.  Contrary to Defendants assertion, however, Plaintiff intends to offer documentary

evidence demonstrating that Plaintiff complained of severe wrist pain to Defendants, but was not

provided with any treatment over a prolonged period.  Moreover, once Plaintiff's wrist was

finally x-rayed, a widening of the scapholunate joint was noticed and a follow-up CT scan was

recommended.  However, Plaintiff has yet to receive any follow-up CT scan or further treatment

for his wrist injury.  Thus, there is a strong factual basis to support the claims made against the

"medical defendants" for deliberate indifference to Plaintiff's medical needs.  Further,

Defendants' Motion sweeps far too broadly and is an improper attempt to obtain the relief more

properly addressed by a motion for summary judgment.  Thus, Defendants' Motion should be

denied with respect to Defendants request to exclude claims against the "medical defendants."

**IV.    DEFENDANTS' MOTION SHOULD BE DENIED WITH RESPECT TO THE
        REQUEST TO EXCLUDE PLAINTIFF'S RETALIATION CLAIMS**

Defendants' Motion also seeks to exclude any and all claims of retaliation, arguing that

"there is no evidence that anyone acted in 'retaliation' for plaintiff having filed a grievance."

See Defendants' Motion at 2.  Moreover, Defendants' Motion also claims that there is no factual

basis to support Plaintiff's retaliation claims and, therefore, that all retaliation claims should be

excluded.  See Defendants' Motion at 2.  Plaintiff alleges that various of the Defendants have

retaliated against him for filing grievances by issuing false disciplinary reports against him in an effort to obstruct and prevent his progression through Northern Correctional Institution's administrative segregation program.  See Third Amended Complaint ¶¶ 92 - 94.  Plaintiff anticipates examining witnesses concerning these allegations and should be permitted to offer any other documentary evidence tending to substantiate these allegations.  Again, Defendants are improperly attempting to use their motion in *limine* as a motion for summary judgment, which should not be permitted.  Accordingly, Defendants' Motion should be denied with respect to Defendants' request to exclude Plaintiff's retaliation claims.

## V.     DEFENDANTS' MOTION SHOULD BE DENIED WITH RESPECT TO THE EXCLUSION OF CLAIMS AGAINST SUPERVISORY OFFICIALS

Defendants' Motion next seeks to exclude any and all claims against supervisory officials who are named because of their past or present positions within the Department of Corrections. Defendants claim that there is no evidence of Defendant Lantz's actual participation -- despite Plaintiff's allegations to the contrary.  Specifically, Plaintiff alleges that Commissioner Lantz was aware of Plaintiff's claims by virtue of personal conversations with Plaintiff, Plaintiff's grievances, and letters.  See Third Amended Complaint ¶ 113.  In fact, the case cited by Defendants notes that a plaintiff may show supervisory liability by demonstrating that the defendant failed to remedy a wrong after being informed of the wrong, precisely as Plaintiff has alleged.

> Plaintiff may show supervisory liability by demonstrating any of the following criteria: . . . (2) Defendant failed to remedy a wrong after being informed of the wrong through a report or appeal; (3) Defendant created or approved a policy or custom that sanctioned objectionable conduct that rose to the level of a constitutional violation or allowed such a policy or custom to continue; . . . and (5) Defendant failed to act in response to information that unconstitutional acts were occurring.

Sosa v. Lantz, Civil No. 3:09cv869 (JBA), 2010 WL 3925268, at *4 (D. Conn. Sept. 30, 2010).
Therefore, it is clear that Plaintiff's allegations against Commissioner Lantz are sufficient and
Defendants' Motion should be denied.

Defendants' Motion should also be denied with respect to the argument concerning the
other supervisory officials.  Defendants wrongly claim that the other supervisory officials have
not been alleged to have been personally involved in the misconduct.  For example, Plaintiff
alleges that on the morning after the underlying incident, Plaintiff spoke to Defendant Salius and
informed him of the improper treatment he was receiving and yet Defendant Salius failed to
remedy the wrong.  See Third Amended Complaint ¶ 48.  Similarly, Plaintiff alleges that
Defendant Saylor threatened Plaintiff with physical harm and harassed and taunted Plaintiff.  See
Third Amended Complaint ¶ 65.  Defendant Saylor also told Plaintiff that if Plaintiff took
Saylor's name out of the case, Plaintiff would save himself a massive bloody repercussion.  See
Third Amended Complaint ¶ 66.  Moreover, Plaintiff alleges that Defendant Rose failed to
review Plaintiff's placement on in-cell restraint status.  See Third Amended Complaint ¶ 45.
Plaintiff alleges that Defendant Light violated Plaintiff's due process rights by failing to review
Plaintiff's placement on administrative segregation status.  See Third Amended Complaint ¶ 109.
Plaintiff alleges that Defendant Rodriguez failed to investigate or correct the violations despite
being aware of Plaintiff's claims through personal conversations, Plaintiff's grievances, and
letters.  See Third Amended Complaint ¶ 113.  Similarly, there are numerous allegations
concerning Defendant Levesque's personal involvement.  See e.g. Third Amended Complaint ¶¶
106, 108, 113.  Therefore, it is clear that despite Defendants' contentions otherwise, the
supervisory officials named as defendants are alleged to have been personally involved.  Thus,

Defendants' Motion should be denied with respect to its request that Plaintiff's claims against supervisory officials be excluded.

## CONCLUSION

For the foregoing reasons, the plaintiff, Ira Alston, respectfully requests that the Court deny Defendants' Motion in Limine, dated October 25, 2010, in its entirety.

Dated: November 30, 2010                                RESPECTFULLY SUBMITTED,
       Simsbury, Connecticut

                                                        THE PLAINTIFF
                                                        IRA ALSTON

                                                  By: /s/ Thomas J. Finn
                                                        Thomas J. Finn
                                                        Federal Bar No.: ct 20929
                                                        tjf@jordenusa.com
                                                        Paula Cruz Cedillo
                                                        Federal Bar No.: ct 23485
                                                        pcc@jordenusa.com
                                                        Liam S. Burke
                                                        Federal Bar No.: ct 27739
                                                        lsb@jordenusa.com
                                                        JORDEN BURT LLP
                                                        Suite 301
                                                        175 Powder Forest Drive
                                                        Simsbury, Connecticut 06089
                                                        Tel.: 860.392.5000
                                                        Fax: 860.392.5058

## **CERTIFICATION**

I hereby certify that on this 30th day of November, 2010 a copy of the foregoing Memorandum in Opposition to Defendants' Motion *in Limine* was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ Thomas J. Finn
Thomas J. Finn

234577v1DC