| State of Connecticut<br>Department of Correction | Directive Number<br>9.6 | Effective Date<br>1/31/2009 | Page 1 of 13 |
|---|---|---|---|
| ADMINISTRATIVE DIRECTIVE | Supersedes<br>Inmate Administrative Remedies, dated 1/1/2008 | | |
| Approved By<br>*Theresa C. Lantz* | Title<br>Inmate Administrative Remedies | | |

1. **Policy.** The Department of Correction shall provide a means for an inmate to seek formal review of an issue relating to any aspect of an inmate's confinement that is subject to the Commissioner's authority. The Inmate Administrative Remedies Process enables the Department to identify individual and systemic problems, to resolve legitimate complaints in a timely manner and to facilitate the accomplishment of its mission.

2. **Authority and Reference.**

    A. United States Code, 42 USC 1997e and 42 USC 12101 et seq.
    B. Code of Federal Regulations, 28 CFR 40, Standards for Inmate Grievance Procedures.
    C. Porter v. Nussle, 534 US 516 (2002).
    D. Connecticut General Statutes, Chapter 53 and Sections 4-147, 18-81 and 18-81y.
    E. Administrative Directives 2.17, Employee Conduct; 4.7, Records Retention; 6.10, Inmate Property; 6.14, Security Risk Groups; 8.9, Health Services Review; 9.2, Offender Classification; 9.4, Restrictive Status; 9.5, Code of Penal Discipline; 9.9, Protective Management; and 10.7, Inmate Communications.
    F. American Correctional Association, Standards for Administration of Correctional Agencies, Second Edition, April 1993, Standards 2-CO-3C-01 and 2-CO-4B-03.
    G. American Correctional Association, Standards for Adult Correctional Institutions, Fourth Edition, January 2003, Standard 4-4284.
    H. American Correctional Association, Performance-Based Standards for Adult Local Detention Facilities, Fourth Edition, June 2004, Standard 4-ALDF-6B-01.
    I. American Correctional Association, Standards for Adult Probation and Parole Field Services, Third Edition, August 1998, Standard 3-3179.

3. **Definitions.** For the purposes stated herein, the following definitions apply:

    A. **Administrative Remedies Coordinator.** An employee of the facility designated by the Unit Administrator to coordinate the Inmate Administrative Remedies Process.
    B. **Appeal.** The application for formal review of an agency decision.
    C. **Compromised.** The application for administrative remedy has sufficient merit that some modification of the existing decision is warranted.
    D. **Denied.** The application for administrative remedy is without merit.
    E. **Direct Contact Employee.** An employee who has daily or regular supervision of inmates as part of the employee's job.
    F. **Grievance.** A written complaint filed by an inmate on the inmate's own behalf in accordance with the procedures stated herein.
    G. **Inmate.** A person in the custody of the Commissioner of Correction to include those confined in a facility or under community supervision.
    H. **Rejected.** The application for administrative remedy does not meet the application requirements of the particular remedy.

Case 3:07-cv-00473-RNC   Document 241-1   Filed 01/05/12   Page 2 of 13

| Directive Number | Effective Date | Page 2 of 13 |
|---|---|---|
| 9.6 | 1/31/2009 | |
| Title | | |
| Inmate Administrative Remedies | | |

      I.    <u>Unit</u>. An organizational component of the Department, including correctional institutions, correctional centers, and Parole and Community Services offices.

      J.    <u>Unit Administrator</u>. The person in charge of a facility or unit specified in Section 3(H) of this Directive.

      K.    <u>Upheld</u>. The application for administrative remedy is granted.

      L.    <u>Withdrawn</u>. The inmate voluntarily discontinues the pursuit of an administrative remedy.

4.    <u>Administrative Remedies</u>. There are several administrative remedies, each addressing a different aspect of correctional management.

      A.    <u>Inmate Grievance Procedure</u>. The Inmate Grievance Procedure is outlined in Section 6 of this Directive. The Inmate Grievance Procedure provides an administrative remedy for all matters subject to the Commissioner's authority that are not specifically identified in Sections 4(B) through 4(I) of this Directive.

      B.    <u>Appeal of a Classification Decision</u>. An appeal of a classification decision shall be in accordance with Section 7 of this Directive.

      C.    <u>Appeal of a Special Management Decision</u>. An appeal of a special management decision shall be in accordance with Section 8 of this Directive.

      D.    <u>Appeal of a Security Risk Group/SRG Safety Threat Member Designation</u>. An appeal of a Security Risk Group/SRG Safety Threat Member designation shall be in accordance with Section 9 of this Directive.

      E.    <u>Appeal of a Disciplinary Action</u>. An appeal of a guilty finding received at a disciplinary hearing shall be in accordance with Section 10 of this Directive.

      F.    <u>Appeal of Decision to Reject Religious or Educational Tapes/CDs Not Available in the Commissary</u>. An appeal of a decision to reject religious or educational tapes/CDs not available in the commissary shall be in accordance with Section 11 of this Directive.

      G.    <u>Appeal of a Media Review Committee Decision</u>. An appeal of a Media Review Committee decision shall be in accordance with Section 12 of this Directive.

      H.    <u>Appeal of a Furlough Decision</u>. An appeal of a furlough decision shall be in accordance with Section 13 of this Directive.

      I.    <u>Appeal of an Americans with Disabilities Act (ADA) Decision</u>. An appeal of an ADA decision shall be in accordance with Section 14 of this Directive.

      J.    <u>Property Claim</u>. Provisions for filing a claim of lost or damaged property shall be in accordance with Section 15 of this Directive.

      K.    <u>Health Services Review</u>. Request for review of any matter relating to the delivery of health care services shall be in accordance with Administrative Directive 8.9, Health Services Review.

5.    <u>General Provisions</u>. The following provisions shall apply to all administrative remedies:

      A.    <u>Notice</u>.

          1.    Administrative Directive 9.6, Inmate Administrative Remedies, shall be published in English and Spanish. Each inmate, direct contact employee (to include any direct contact contractor) shall be issued a written summary of Administrative Directive 9.6, Inmate Administrative Remedies, upon initial contact with

Case 3:07-cv-00473-RNC   Document 241-1   Filed 01/05/12   Page 3 of 13

| Directive Number | Effective Date | Page 3 of 13 |
|---|---|---|
| 9.6 | 1/31/2009 | |
| Title | | |
| Inmate Administrative Remedies | | |

    the Department. An inmate whose primary language is Spanish shall receive a copy translated into Spanish. Appropriate provision shall be made for those who do not read, speak or understand English or Spanish. Inmates who are impaired or disabled shall receive assistance as necessary.

  2. English and Spanish copies of Administrative Directive 9.6, Inmate Administrative Remedies, shall be available in each library and shall be available to an inmate upon request.

  3. During orientation, each inmate shall receive verbal instruction on Administrative Directive 9.6, Inmate Administrative Remedies, the subject matters that each pertains to, the forms used for filing, and the provisions for filing. This instruction shall encourage questions and take place as part of the orientation curriculum, no later than two (2) weeks after admission.

  4. Staff shall receive verbal instruction regarding Administrative Directive 9.6, Inmate Administrative Remedies during orientation training.

B. <u>Access</u>. Each inmate in the Department's custody shall have access to Administrative Directive 9.6, Inmate Administrative Remedies. Special provisions shall be made to ensure access for the impaired or disabled, illiterate or those with language barriers.

  1. Any inmate who needs assistance in using the Inmate Administrative Remedies Process shall receive assistance upon request.

  2. Access to the Inmate Grievance Procedure shall only be limited as a result of abuse of the Inmate Grievance Procedure in accordance with Section 6(N) of this Directive or failure to comply with the Inmate Grievance Procedure.

C. <u>Depositories and Collection</u>. All grievances, appeals and property claims shall be submitted by depositing them in a locked box clearly marked as 'Administrative Remedies'. The Unit Administrator shall ensure that an adequate number of collection boxes are accessible within the facility.

D. <u>Administrative Remedies Coordinator</u>. The Unit Administrator shall appoint two employees of the facility to be Administrative Remedies Coordinators, one as the primary coordinator and the other to serve as the secondary coordinator. The Unit Administrator shall arrange for the training of each Administrative Remedies Coordinator. The Administrative Remedies Coordinator shall:

  1. ensure that notice and instruction regarding the Inmate Administrative Remedies Process is provided to each inmate during orientation;

  2. ensure that current administrative remedy forms are available in all housing units;

  3. ensure that the current Administrative Directive 9.6, Inmate Administrative Remedies, is available in the library and to any inmate who requests it;

  4. ensure that collection of administrative remedy forms is conducted each business day;

  5. complete and forward CN 9603, Administrative Remedy Receipt to the inmate and place a copy of the receipt in the appropriate file;

Case 3:07-cv-00473-RNC   Document 241-1   Filed 01/05/12   Page 4 of 13

| Directive Number | Effective Date | Page 4 of 13 |
|---|---|---|
| 9.6 | 1/31/2009 | |
| Title | | |
| Inmate Administrative Remedies | | |

      6.    ensure that each CN 9602, Inmate Administrative Remedy Form is properly logged and routed for investigation and response in accordance with Attachment A, Administrative Remedies Routing Chart; and,

      7.    assist the Unit Administrator to act within the scope and authority of the Inmate Administrative Remedies Process.

E. **Administrative Remedy Filing**. A request for an administrative remedy must be filed in accordance with the following provisions:

    1.    A request for an administrative remedy must be filed, in writing, on CN 9602, Inmate Administrative Remedy Form.

    2.    Each request for an administrative remedy must be submitted on a separate CN 9602, Inmate Administrative Remedy Form, or CN 9609, Lost/Damaged Property Investigation Form, as appropriate.

    3.    The request for an administrative remedy and the action sought should be stated simply and coherently.

    4.    The length of the request for an administrative remedy shall be restricted to the space available on the face of the CN 9602, Inmate Administrative Remedy Form and one (1) additional 8 1/2 x 11 inch page.

    5.    The request for an administrative remedy must be free of obscene or vulgar language or content.

    6.    The request for an administrative remedy must be filed by an inmate who is personally affected by the subject of the request and shall not be filed by an inmate on behalf of another.

    7.    A repetitive request for administrative remedy may not be filed by the same inmate when a final response has been provided and there has been no change in any circumstances that would affect the response; or when the initial request for an administrative remedy is still in process.

F. **Process Integrity**. The Unit Administrator shall ensure that no employee who is the subject of an investigation shall investigate or participate in the resolution of an administrative remedy.

G. **Monitoring and Evaluation**. The Unit Administrator shall conduct an evaluation of the Inmate Administrative Remedies Process in May of each year. Inmates and employees shall be afforded an advisory role in the evaluation, which shall include a review of both the effectiveness and credibility of the Inmate Administrative Remedies Process and recommendations for revision. An annual report for each fiscal year shall be presented to the Commissioner by September 1 of each year. The report shall include the findings and recommendations of the evaluation process, statistical data regarding the number and type of remedies and dispositions. For the Inmate Administrative Remedies Process, the report shall also include the level of disposition, sample responses from each level, remedies granted, and evidence of compliance with time limits at each level of decision.

H. **Petitions**. Petitions are not an authorized method of accessing the Inmate Administrative Remedies Process and shall not receive a written response. Inmates must use the Inmate Administrative Remedies Process to seek formal review of an issue.

I. **Reprisal against Staff**. No staff member who participates in the processing of an administrative remedy shall be affected negatively for participation in the resolution of any administrative remedy.

| Directive Number | Effective Date | Page 5 of 13 |
|---|---|---|
| 9.6 | 1/31/2009 | |
| Title | | |
| Inmate Administrative Remedies | | |

  J. <u>Reprisal against Inmates</u>. No inmate shall suffer negative consequences such as denial or limitation of access to any privilege, service or program offered by the facility either formally or informally for good faith participation in the Inmate Administrative Remedies Process as outlined in Administrative Directive 2.17, Employee Conduct.

  K. <u>Connecticut Inmates Housed in Other States/Jurisdictions</u>. Connecticut inmates housed in other states/jurisdictions must utilize and exhaust the Inmate Administrative Remedies Process of the receiving state/jurisdiction for an issue relating to any aspect of an inmate's confinement that is subject to the receiving state/jurisdiction's authority.

    Connecticut inmates housed in other states/jurisdictions shall have 30 days to file a grievance with the Connecticut Department of Correction upon exhausting the receiving state/jurisdiction's Inmate Administrative Remedies Process.

6. <u>Inmate Grievance Procedure</u>. The Inmate Grievance Procedure shall be the administrative remedy for any issue relating to policy and procedure, and compliance with established provisions.

  A. <u>Informal Resolution</u>. An inmate must attempt to seek informal resolution prior to filing an inmate grievance. The inmate may attempt to resolve the issue verbally with the appropriate staff member or with a supervisor/manager. If the verbal option does not resolve the issue, the inmate shall submit a written request via CN 9601, Inmate Request Form. The inmate must clearly state the problem and the action requested to remedy the issue. The request must be free of obscene or vulgar language or content. The completed CN 9601, Inmate Request Form shall then be addressed to the appropriate staff member and deposited in the appropriate collection box. The Unit Administrator shall ensure that inmate request forms are collected and delivered in a timely manner. Inmate request forms shall be available in all housing units. A response to the inmate shall be made within 15 calendar days from receipt of the written request. The Unit Administrator shall post in each housing unit a list of staff members to whom inmate requests should be addressed to for each of the grievable subjects.

  B. <u>Grievable Matters</u>. All matters subject to the Commissioner's authority for which another remedy is not provided are grievable. Refer to Section 4 of this Directive for a list of administrative remedies other than the Inmate Grievance Procedure.

  C. <u>Filing a Grievance</u>. An inmate may file a grievance if the inmate is not satisfied with the informal resolution offered. The inmate shall attach CN 9601, Inmate Request Form, containing the appropriate staff member's response, to the CN 9602, Inmate Administrative Remedy Form. If the inmate was unable to obtain a blank CN 9601, Inmate Request Form, or did not receive a timely response to the inmate request, or for a similar valid reason, the inmate shall include an explanation indicating why CN 9601, Inmate Request Form, is not attached. The completed CN 9602, Inmate Administrative Remedy Form, along with any relevant documents, shall be deposited in the Administrative Remedies box. The grievance must be filed within 30 calendar days of the occurrence or discovery of the cause of the grievance.

Case 3:07-cv-00473-RNC   Document 241-1   Filed 01/05/12   Page 6 of 13

| Directive Number | Effective Date | Page 6 of 13 |
|---|---|---|
| 9.6 | 1/31/2009 | |
| Title | | |
| Inmate Administrative Remedies | | |

D. **Disposition and Remedy**. Each inmate grievance shall be reviewed, investigated and decided with the outcome indicated by one of the following dispositions: Rejected, Denied, Compromised, Upheld or Withdrawn. Each disposition shall be documented on CN 9602, Inmate Administrative Remedy Form and, when applicable, CN 9604, Inmate Grievance Appeal Form – Levels 2/3. Grievances that are upheld shall be given an appropriate and meaningful remedy. Such remedies may include, but not be limited to:

1. corrective action to rectify the matter being grieved;
2. changes in written policies and procedures or in their interpretation or application;
3. enforcement of existing policies and procedures; or,
4. development of policies and procedures pertaining to the grievance.

E. **Grievance Returned Without Disposition**. A grievance may be returned without disposition to the inmate for failure to:

1. attempt informal resolution;
2. adequately explain why a response to CN 9601, Inmate Request Form, is not attached; or,
3. comply with the provisions of Section 5(E)(1-5) of this Directive.

Returned without disposition signifies that the grievance has not been properly filed and may be re-filed after the inmate has corrected the error. CN 9606, Grievance Returned Without Disposition shall be attached to all grievances returned without disposition to indicate the reason for the return.

F. **Rejection of Grievances**. Any grievance which does not meet the criteria specified in Sections 5(E)(6 and 7) and 6(A through C) of this Directive may be rejected.

G. **Grievance Appeals**. A grievance that is denied or rejected may be appealed to the next level as provided for in Sections 6(K) and 6(L) of this Directive. A grievance returned without disposition due to a failure to comply with the procedural requirements of Sections 5(E)(1-5) and 6(D) of this Directive may not be appealed.

H. **Appropriate Review**. A grievance about a matter that is beyond the authority of lower level(s) of review may be sent by the lower level reviewer directly to the appropriate level of review. In such case the time limit(s) of the lower level(s) shall be combined with the time limit of the appropriate review level and the grievant shall be notified of the review process and of the time frame for response. If the grievance is upheld, the time necessary to implement the change(s) may exceed the time limit for review.

I. **Level 1 Review**. The Level 1 decision shall be made by the Unit Administrator. The grievance shall be reviewed for compliance with the Inmate Grievance Procedure and investigated if the grievance is accepted. The response shall be in writing within 30 business days of receipt by the Level 1 Reviewer and shall include a statement of the remedy for a grievance that is upheld or compromised, or of the reason a grievance is denied or rejected. The Level 1 Reviewer shall notify the inmate of the Level 1 disposition and, if necessary, shall include an appeal form. If a response to a Level 1 grievance

Case 3:07-cv-00473-RNC   Document 241-1   Filed 01/05/12   Page 7 of 13

| Directive Number | Effective Date | Page 7 of 13 |
|---|---|---|
| 9.6 | 1/31/2009 | |
| Title | | |
| Inmate Administrative Remedies | | |

is not received within 30 business days, an inmate may appeal to Level 2.

J. **Time Limit Extensions.** With notice to the grievant, a reviewer may extend the time limit for a response up to 15 business days using CN 9605, Inmate Grievance Procedure - Notice of Time Extension. A grievant may request a time extension of up to 15 calendar days to file an appeal by sending a written CN 9601, Inmate Request Form, to the Administrative Remedies Coordinator. A request by the grievant may be granted at the discretion of the reviewer to whom the appeal is to be sent.

K. **Level 2 Review.** An inmate may appeal a Level 1 disposition to Level 2 within five (5) calendar days of receipt of the decision. The Level 2 review shall be made in accordance with the following:

1. A grievance appeal filed by an inmate confined in a Connecticut correctional facility shall be decided by the appropriate District Administrator.
2. A grievance appeal filed by an inmate housed out of state shall be decided by the Director of Offender Classification and Population Management (OCPM).
3. A grievance appeal filed by an inmate supervised in the community shall be decided by the Director of Parole and Community Services.

The Level 2 response shall be in writing within 30 business days of receipt by the Level 2 Reviewer and shall include a statement of the remedy for a grievance, which is upheld or compromised, or of the reason a grievance is denied or rejected. Level 2 shall be the final level of appeal for all grievances except as provided in Section 6(L) of this Directive.

L. **Level 3 Review.** An inmate may appeal a Level 2 disposition to Level 3 within five (5) calendar days of receipt of the disposition when such review is restricted to a grievance that:

1. challenges Department level policy;
2. challenges the integrity of the grievance procedure; or,
3. exceeds the established 30 business day time limit for a Level 2 grievance response.

The Level 3 review shall be made by the Commissioner or designee. The response shall be in writing within 30 business days of receipt by the Level 3 Reviewer.

M. **Withdrawal.** An inmate may withdraw a grievance. A grievance withdrawal must be filed in writing utilizing CN 9607, Inmate Grievance Withdrawal Form.

N. **Abuse.** An inmate may be deemed to be abusing the grievance procedure if any of the following conditions are met:

1. an inmate files more than seven (7) grievances in any 60 day calendar period;
2. an inmate files repetitive grievances addressing the same issue when the established time for response has not elapsed;
3. an inmate files repetitive grievances when a valid response has been provided and there has been no change in any circumstances that would affect the response; or,

Case 3:07-cv-00473-RNC   Document 241-1   Filed 01/05/12   Page 8 of 13

| Directive Number | Effective Date | Page 8 of 13 |
| --- | --- | --- |
| 9.6 | 1/31/2009 | |
| Title | | |
| Inmate Administrative Remedies | | |

       4. an inmate files harassing grievances.

A determination of abuse shall be made by the Unit Administrator in writing and shall stipulate the restriction(s) imposed and its duration. Restrictions may include: (a) total denial of access to the grievance procedure; (b) a limitation on the number of grievances that may be filed; and, (c) a restriction as to the subject matter that may be grieved.

A determination of abuse may be appealed to the appropriate District Administrator by completing and depositing CN 9602, Inmate Administrative Remedy Form in the Administrative Remedies box. The decision of the District Administrator shall not be subject to further appeal.

O. **Records**.

    1. **General Requirements**.

       a. A grievance file shall be maintained at each level for each grievance. The grievance file shall include a copy of the grievance, each response, and any supporting documents submitted in support of the grievance, presented during investigation, or relied upon in the decision.
       b. CN 9608, Grievance Log, shall be maintained at each level and shall include the name and number of the grievant, the dates of initial receipt and of the response at that level, a brief description of the problem and the disposition.
       c. A monthly report shall be provided to the Unit Administrator to include:

          1. the number of Level 1, 2 and 3 grievances filed for the month;
          2. the Level 1 grievances categorized by subject; and,
          3. the kind and number of dispositions for the month.

    2. **Retention**. CN 9608, Grievance Log, shall be retained as the official record, and each completed grievance shall be maintained at the facility for five (5) years or until all litigation is resolved, whichever comes later in accordance with Administrative Directive 4.7, Records Retention.
    3. **Restriction**. No copy of a grievance or adverse reference to any grievance shall be placed in an inmate's master file.
    4. **Confidentiality**. The contents of the grievance file, grievance log (CN 9608), and any record of an inmate's participation in any grievance proceeding shall be confidential and access restricted to authorized personnel. All files shall be maintained in a locked cabinet not accessible to any person other than the Administrative Remedies Coordinator(s) or Level 1 reviewer. The Administrative Remedies Coordinator(s) involved in the disposition of a grievance shall have access to records and information essential to the resolution of the

Case 3:07-cv-00473-RNC   Document 241-1   Filed 01/05/12   Page 9 of 13

| Directive Number | Effective Date | Page 9 of 13 |
| --- | --- | --- |
| 9.6 | 1/31/2009 | |
| Title | | |
| Inmate Administrative Remedies | | |

grievance. This section shall not be cause for immunity from disciplinary action based on statements made in a grievance.

7. **Appeal of a Classification Decision.** A classification decision may be appealed by completing and depositing CN 9602, Inmate Administrative Remedy Form, in the Administrative Remedies box within 15 calendar days of a decision regarding:

   A. risk level decisions;
   B. needs level decisions, except medical and mental health in consultation with relevant health care providers;
   C. community release, except decisions made by the Board of Pardons and Paroles;
   D. job or program assignments;
   E. extended family visits; and,
   F. Special Monitoring Status (with the exception of inmates completing Administrative Segregation, Chronic Discipline, Close Custody, Close Monitoring or Special Needs Management).

   An appeal of a classification decision made by facility staff shall be decided by the Unit Administrator. An appeal of a classification decision made by the OCPM Unit shall be decided by the Director of OCPM, with the exception of special management decisions, which shall be in accordance with Section 8 of this Directive. The Unit Administrator or the Director of OCPM shall respond in writing within 15 business days of receipt of the appeal. The decision of the Unit Administrator or the Director of OCPM shall not be subject to further appeal.

   Placement on Special Monitoring upon completion of Administrative Segregation, Chronic Discipline, Close Custody, Close Monitoring or Special Needs Management shall not be subject to appeal. An appeal of a Special Monitoring placement (for reasons other than stated above) shall be decided by the appropriate District Administrator. The decision of the District Administrator shall not be subject to further appeal.

   Transitional Supervision denials and inmates with a firm voted-to-parole date who have been denied halfway house placement are not required to submit an appeal. These denials shall be automatically reviewed by the appropriate District Administrator. The decision of the District Administrator shall not be subject to further appeal.

8. **Appeal of a Special Management Decision.** An initial special management decision may be appealed by completing and depositing CN 9602, Inmate Administrative Remedy Form, in the Administrative Remedies box within 15 calendar days of a decision regarding:

   A. Administrative Segregation;
   B. Special Needs Management;
   C. High Security;
   D. Chronic Discipline; and,
   E. Protective Custody.

   The Deputy Commissioner of Operations shall respond in writing within 15 business days of receipt of the appeal. The decision of the Deputy Commissioner of Operations shall not be subject to further appeal.

Case 3:07-cv-00473-RNC   Document 241-1   Filed 01/05/12   Page 10 of 13

| Directive Number | Effective Date | Page 10 of 13 |
|---|---|---|
| 9.6 | 1/31/2009 | |
| Title | | |
| Inmate Administrative Remedies | | |

9. **Appeal of a Security Risk Group/SRG Safety Threat Member Designation**. An initial Security Risk Group Member or an initial Security Risk Group Safety Threat Member designation may be appealed by completing and depositing CN 9602, Inmate Administrative Remedy Form, in the Administrative Remedies box within 15 calendar days of the notice of designation. The appropriate District Administrator shall respond in writing within 15 business days of receipt of the appeal. The decision of the District Administrator shall not be subject to further appeal.

    In reviewing an inmate's appeal, the District Administrator shall consult with the Director of Security prior to changing an inmate's Security Risk Group/SRG Safety Threat Member designation.

10. **Appeal of a Disciplinary Action**. A guilty finding received at a disciplinary hearing may be appealed by completing and depositing CN 9602, Inmate Administrative Remedy Form, in the Administrative Remedies box within 15 calendar days of the notice of decision. Form CN 9602, Inmate Administrative Remedy Form shall be reviewed by the District Administrator of the district where the disciplinary report was adjudicated. The District Administrator shall respond to any appeal within 15 business days of the receipt. The District Administrator shall not delegate the authority to respond to any disciplinary appeal. Disciplinary action resulting from a guilty plea shall not be subject to an appeal.

    The District Administrator may alter disciplinary action in any way that best serves the correctional objectives of the State of Connecticut. The decision of the District Administrator shall not be subject to further appeal.

11. **Appeal of Decision to Reject Religious or Educational Tapes/CDs Not Available in the Commissary**. A facility decision to reject tapes/CDs that are religious or educational in nature (not available in the commissary) may be appealed by completing and depositing CN 9602, Inmate Administrative Remedy Form, in the Administrative Remedies box within 15 calendar days of receipt of CN 61007, Outside Tape/CD Rejection Notice. The Unit Administrator shall respond in writing within 15 business days of receipt of the appeal. The decision of the Unit Administrator shall not be subject to further appeal.

12. **Appeal of a Media Review Committee Decision**. A Media Review Committee decision may be appealed by completing and depositing CN 9602, Inmate Administrative Remedy Form, in the Administrative Remedies box within 15 calendar days of receipt of CN 61007, Outside Tape/CD Rejection Notice or CN 100702, Publication Rejection Notice, as appropriate. The Commissioner's designee, the Director of Security, shall respond in writing within 15 business days of receipt of the appeal. The decision of the Director of Security shall not be subject to further appeal.

13. **Appeal of a Furlough Decision**. A furlough decision may be appealed by completing and depositing CN 9602, Inmate Administrative Remedy Form, in the Administrative Remedies box within 15 calendar days of the notice of decision. The Unit Administrator shall respond in writing within 15 business days of receipt of the appeal. The decision of the Unit Administrator shall not be subject to further appeal.

Case 3:07-cv-00473-RNC   Document 241-1   Filed 01/05/12   Page 11 of 13

| Directive Number | Effective Date | Page 11 of 13 |
| 9.6 | 1/31/2009 | |
| Title | | |
| Inmate Administrative Remedies | | |

14. <u>Appeal of an Americans with Disabilities Act (ADA) Decision</u>. An ADA decision may be appealed by completing and depositing CN 9602, Inmate Administrative Remedy Form, in the Administrative Remedies box within 15 calendar days of meeting with the Unit ADA Coordinator.

    The Department ADA Coordinator in consultation with the appropriate District Administrator shall respond in writing within 15 business days of receipt of the appeal. The decision of the Department ADA Coordinator shall not be subject to further appeal.

15. <u>Property Claim</u>. The Department's Lost Property Board shall hear and determine any claim by an inmate in a correctional facility who seeks compensation not exceeding three thousand five hundred dollars ($3,500.00) for lost or damaged personal property. Denied property claims exceeding three thousand five hundred dollars ($3,500.00) or property claims filed by inmates not in a Connecticut correctional facility must be filed with the State Claims Commissioner in accordance with Section 15(F) of this Directive.

    A. <u>Composition of Lost Property Board</u>. Lost Property Board members shall be appointed by the Deputy Commissioner of Operations.
    B. <u>Property Claim Procedure</u>. If an inmate contends the Department is responsible for the loss of, or damage to, any of the inmate's personal property, the inmate shall follow the property claims procedure. Property claims must be filed within one (1) year of when the inmate knew or should have known of the loss or damage. The property claim filing procedure shall be as follows.

        1. The inmate shall complete and deposit CN 9609, Lost/Damaged Property Investigation Form in the Administrative Remedies box. Form CN 9609, Lost/Damaged Property Investigation Form, shall be available in all housing units. The inmate shall attach CN 9601, Inmate Request Form, to CN 9609, Lost/Damaged Property Investigation Form, indicating that the inmate has attempted to resolve the property issue informally in accordance with Administrative Directive 6.10, Inmate Property. If the property issue is resolved at this level, the inmate shall complete and submit CN 9610, Property Investigation Withdrawal, to the Administrative Remedies Coordinator to indicate that the issue has been resolved.
        2. If issue is still unresolved after submitting CN 9609, Lost/Damaged Property Investigation Form, the inmate may elect to continue pursuing resolution by completing CN 9611, Property Claim. The inmate shall obtain CN 9611, Property Claim from the Administrative Remedies Coordinator.
        3. The inmate shall mail the completed and notarized claim form, along with related documents, to the attention of the Lost Property Board at 24 Wolcott Hill Road, Wethersfield, Connecticut 06109.

    C. <u>Submission of Documentation</u>. The Administrative Remedies Coordinator shall provide the Lost Property Board with a written report on the claim, to include a copy of CN 9611, Property Claim, along with all applicable documentation within 30 calendar days of request of an investigation.

Case 3:07-cv-00473-RNC   Document 241-1   Filed 01/05/12   Page 12 of 13

| Directive Number 9.6 | Effective Date 1/31/2009 | Page 12 of 13 |
|---|---|---|
| Title | Inmate Administrative Remedies | |

        When a property complaint is resolved at the facility level, the original CN 9610, Property Investigation Withdrawal, shall be placed in the inmate's central property file at the facility. If, after a property claim has been filed, the issue is resolved prior to the conclusion of the Lost Property Board's investigation, CN 9613, Property Claim Settlement, shall be completed. The original CN 9613, Property Claim Settlement, shall be placed in the claim file and a copy in the inmate's central property file.

   D. **Claim Fees**. A $25.00 filing fee shall be required for all claims filed with the Lost Property Board. Fees may be waived for good cause by the Department's Claims Office. If the inmate has insufficient funds to pay the filing fee, the inmate may submit CN 9612, Application for Deferment of Filing Fee. Payment of the fee may either be waived or an obligation may be established on the inmate's trust fund account. If an obligation is established on the trust fund account, twenty percent (20%) of all subsequent funds received by the inmate shall be credited against the obligation until the obligation is satisfied.

   E. **Decision**. The Lost Property Board shall review all documents related to the claim and decide the claim on its merits. If, upon review of the documents presented, the Lost Property Board determines that the claim has merit as presented, it shall award appropriate damages to the inmate. Otherwise, the Lost Property Board shall hold a hearing to determine whether or not the Department is liable for the loss and the appropriate damages. If the Lost Property Board determines that a hearing shall be held, the inmate shall be given at least 24 hours notice utilizing CN 9614, Property Claim Hearing Notification, and an opportunity to be heard at the hearing. The inmate may present witness testimony in the form of written statements.

   F. **Filing a Claim with the State's Claims Commissioner**. If the Lost Property Board denies a claim in whole or in part, the inmate may, not later than sixty (60) calendar days after such decision, present the claim to the Claims Commissioner by forwarding the same CN 9611, Property Claim, along with any relevant documents, to the attention of the State Claims Commissioner at 999 Asylum Avenue, Suite 204, Hartford, Connecticut 06105.

16. **Forms and Attachments**. The following forms and attachments are applicable to this Administrative Directive and shall be utilized for their intended function:

   A.   CN 9601, Inmate Request Form;
   B.   CN 9602, Inmate Administrative Remedy Form;
   C.   CN 9603, Administrative Remedy Receipt;
   D.   CN 9604, Inmate Grievance Appeal Form – Levels 2/3;
   E.   CN 9605, Inmate Grievance Procedure – Notice of Time Extension;
   F.   CN 9606, Grievance Returned Without Disposition;
   G.   CN 9607, Inmate Grievance Withdrawal Form;
   H.   CN 9608, Grievance Log;
   I.   CN 9609, Lost/Damaged Property Investigation Form;
   J.   CN 9610, Property Investigation Withdrawal;
   K.   CN 9611, Property Claim;
   L.   CN 9612, Application for Deferment of Filing Fee;
   M.   CN 9613, Property Claim Settlement;

Case 3:07-cv-00473-RNC   Document 241-1   Filed 01/05/12   Page 13 of 13

| Directive Number | Effective Date | Page 13 of 13 |
|---|---|---|
| 9.6 | 1/31/2009 | |
| Title | | |
| Inmate Administrative Remedies | | |

      N.    CN 9614, Property Claim Hearing Notification;
      O.    CN 9615, Agency Findings; and,
      P.    Attachment A, Administrative Remedies Routing Chart.

17.    **Exceptions**. Any exceptions to the procedures in this Administrative Directive shall require prior written approval from the Commissioner.