FILED

United States District Court
     District of Connecticut

2012 FEB -1  P 40
US DISTRICT COURT
HARTFORD CT

Ira Alston
   Plaintiff                                      Case no.:
                                                  307cv473(RNC)
V


Jason Cahill, et. al.                       January 25, 2012


<u>Motion in limine Re: Defense witnesses</u>

Plaintiff moves this court to exclude all the defense fact and expert witnesses from testifying in the upcomming trial in this matter or alternatively substantially limit the scope of testimony and/or evidence by certain defense witnesses. Specifically, Plaintiff requests that 1) defendants be prohibited from providing any fact and expert testimony at trial or in the alternative 2) defendants be prohibited from providing


Oral Argument requested
testimony not required

1

"expert" testimony on the use of force, supervisory liability, correctional policies and procedures i.e. due process of law; 3) evidence of defense witnesses' "good character" or conduct be excluded; 4) defense witnesses be required to wear civilian clothing in court and 5) defense witnesses base their testimony on first hand knowledge or experience at the time of the incident(s) complained of.

## MEMORANDUM OF LAW
### ARGUMENT
#### Point One

Defendants should not be permitted to call any "fact" or "expert" witnesses at trial.

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held by telephone on September 14, 2007, the participates were:

David N. Rosen, Counsel for Plaintiff Ira Alston

And

Richard T. Biggar, Counsel for Defendants, Jason Cahill, et. al.

During this Conference the parties agreed that they will make the disclosure required by Fed. R. Civ. P. 26(a)(1) by October 23, 2007. See Section V. Case Management Plan Sub-Section E. Discovery #4 of Report of Parties' Planning Meeting Doc. #30 and Section #4(a) Witnesses Addendum to this Court's Scheduling Order regarding Case Management Plan Doc. #32.

Rule 26(a)(1), Fed. R. Civ. P. Provide for the initial disclosure of name(s) and Addresses of all individuals that a party Anticipate on Calling at trial other than for impeachment purposes. The Defendants was to make this disclosure by October 23, 2007, but failed to do so. Defendants First disclosed their "Fact" Witnesses on Oct. 25, 2010, when it appeared in the parties Joint trial memorandum That was prepared 60 days before the First trial date in this matter.

The Defendants knew of their obligation

Footnote

#1. Richard T. Biggar have since retired. Attorney Steven R. Strom and Attorney Terrence M. O'Neill Are Counsel for the Defendants, Jason Cahill et. al.

to disclosure their "fact" witnesses to the plaintiff by October 23, 2007, but simply failed to comply with the parties report DOC #30 ~~which~~ and this court scheduling order DOC.#32 which reflect the report of the parties planning meeting DOC.#30.

At no time did the defendants file any motion for enlargement of time to disclose their "fact" witnesses. Furthermore, defendants disclosure of their "fact" witnesses is not in compliance with the requirements of this court scheduling order see DOC #32 Addendum Section #4(a) regarding fact witnesses c.f. joint trial memorandum page 16. Defense witnesses ##1-4, page 17 ##7-10 page 18 ##11-17. DOC#194

Additionally, the defendants have failed to disclose any of their "expert" witnesses as well. Disclosure of defendants "expert" witnesses was due by April 18, 2008. See DOC #30, Section V. Case Management Plan Subsection E. Discovery #8 and DOC #54 Defendants motion for extension of time until April 18, 2008, for disclosure of expert witnesses. Defendants first made their disclosure to the plaintiff of their "expert" witnesses on October 25, 2010, when it

appeared in the parties joint trial memorandum see Doc #194 page 16. Defense witnesses #5 page 17 #6 page 19 ##18-21 and pages 20-22 ##22-30. Furthermore, defendants disclosure of their "expert" witnesses is not in compliance with the requirements of Rule 26(a)2, Fed.R.Civ.P. and this Court scheduling order see Doc #32 Addendum section #4(a) regarding expert disclosure. Defendants have not shown good cause for their failure to disclose any fact or expert witnesses in accordance with Rule 26(a)(1) and Rule 26(a)(2), Fed.R.Civ.P. and this Court's scheduling order. Doc #32.

Plaintiff will be substantially prejudice if this Court allow defendants to present their "fact" and "expert" witnesses to give testimony for any other purpose than impeachment at trial. Defendants failure to disclose their "fact" and "expert" witnesses have denied the plaintiff his right to discovery see Rule 26(b)(4)(A), Fed.R.Civ.P.

"If a party fails to provide information or identify a witness as required by Rule 26(a)... the party is not allowed to use that information or witness to supply

evidence... At trial, unless the failure was substantially justified or is harmless see Rule 37(c)(1), Fed. R. Civ. P.

The Defendants have failed to disclose the data forming the basis for their expert's opinion, their expert's qualifications including publications, a list of other cases in which the expert testified, and what their expert witnesses is being paid. See Rule 26(a)(2), Fed R. Civ. P.; Hilt v. SFC Inc., 170 F.R.D. 182, 185 (D. Kan. 1997) (expert's Report "must provide the substantive rationale in detail with respect to the basis and reasons for the proffered opinions. It must explain factually why and how the witness has reached them.") See also Fidelity National Title Ins., of New York v. Intercounty National title Co., 412 F.3d 745, 750-51 (7th Cir 2005) (litigant "must disclose any information 'considered' by the litigant's testifying expert" including "whatever materials are given him to review in preparing his testimony, even if in the end he does not rely on them in formulating his expert opinion, because such materials often contain effective ammunition for cross-examination")

The same disclosure requirements as in other civil rights cases apply in this pro se prisoner case as well where defendants who are State of Connecticut Department of Correction employee wish to call their own expert or themselves as experts. McCulloch v. Hartford Life And Acc. Ins. Co. 223 F.R.D. 26, 27-28 (D. Conn. 2004)(holding employees must comply with same discovery requirements as other experts), clarified, 2004 WL 1688529 (D. Conn., April 26, 2004).

  Defendants failure to timely disclose their expert witnesses and the information required by Rule 26(a)(2), Fed. R. Civ. P. have denied the plaintiff the opportunity to discovery of relevant evidence to prepare for any meaningful cross-examination testing the accuracy of their expert witnesses opinion, their qualifications, skill, knowledge, training, experience, etc. As has been well recognized, cross-examination "is beyond any doubt the greatest legal engine ever invented for discovery of the truth"(citation omitted).

  Defendants failure to disclose further prejudice the plaintiff because the plaintiff was not afforded the opportunity

to develop any expert witnesses of his own for impeachment purposes, and to "avoid a wholly one-sided presentation of opinions on the issue(s)" see Steele v. Shah 87 F.3d 1266, 1271 (11th Cir 1996)

### Point two

Alternatively defendants should be prohibited from providing "expert" testimony on the use of force, deliberate indifference, supervisory liability, correctional policies and procedures and due process of law.

Defense witnesses should be prohibited from offering "expert" testimony because a) the witnesses expertise has not been disclosed or established; b) it would not be helpful to the jury and c) defense witnesses are interested party-opponents. Defendants have proposed that certain defense witnesses "will testify as to the need to use force, correct and appropriate correctional procedures in regards to control of plaintiff and other inmates, safety and security of inmates, staff and the institution, investigation(s) conducted in this case and their opinion that

8

Plaintiff is an extremely dangerous individual" "Joint Trial Memorandum Doc #194 pgs. 16, 17 19-22. In addition, former Commissioner Lantz, Dr. Carson Wright, Dr. Edward A. Blanchette, Dr. Suzanne Ducate, Counselor Supervisor John Aldi, former District Administrator Wayne Choinski, former Commissioner Brian K. Murphy, Deputy Commissioner James E. Dzurenda and Commissioner Leo Arnone." Will testify as to the appropriate correctional procedure, about NCI, its role in the CTDOC and the kinds of inmates that NCI manages, the reason(s) for being at NCI, "the need to use force" in this case, the "reasonableness of defendants response to plaintiff's alleged attack(s) on C.O. Strozier and C.O. Diaz" and their opinion that plaintiff is an extremely dangerous individual as well as to their opinions that all proper policies of the CTDOC were followed and that all "due process", and other procedural steps were taken in accord with CTDOC policies."

The proposed testimony of these witnesses for the defendants seem to be outcome determinatives of the ultimate issue or is phrased so broadly

9

that it could include providing expert opinion testimony on the ultimate issue i.e. whether defendants conduct was illegal in this case which is improper. <u>Berry v. City of Detroit</u>, 25 F.3d 1342, 1353-54 (6th Cir 1994)(expert opinion on whether defendants were deliberately indifferent was not admissible).

As stated above, defendants have not disclosed any of their witnesses as expert as required by Rule 26(a)(2), Fed. R. Civ. P. See also Rule 37(c)(1), Fed. R. Civ. P. As a natural consequence defendants has failed to disclose to reports required by this court scheduling order Doc. #32 Thus, failing to establish that their proposed witnesses are "qualified as expert(s) by knowledge, skill, experience, training or education" to render their opinions, and that their opinions are reliable and their expert testimony would be relevant. Fed. R. Evid. 702; see also <u>Nimely v. City of New York</u>, 414 F.3d 381, 396 (2d Cir 2005). Even though a witness's expertise arises out of his personal experience, "An expert opinion must be the product of reliable principles and methods that the witness has reliably applied to the facts of

case". United States v. Glenn, 312 F.3d 58, 67 (2d Cir 2002)(internal quotations omitted)(holding that police officer's testimony would not have qualified as expert opinion because it was based on casual observations) See Also Fed. R. Evid 702, Committee notes on Rules 2000 Amendment, noting that while experience alone may constitute sufficient qualification for expert status, if the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience leads or is a sufficient basis for the opinion, and how that experience is reliably applied to the facts. The trial court's gatekeeping function requires more than simply "taking the expert's word for it" See Daubert v. Merrel Dow Pharmaceuticals, Inc, 43 F.3d 1311, 1319 (9th Cir 1995). The more subjective and controversial the expert's inquiry, the more likely the testimony should be excluded as unreliable see O'connor v. Commonwealth edison Co, 13 F.3d 1090 (7th Cir 1994) See Also Kumho Tire Co. v. Carmichael, 119 S.Ct. 1167, 1176 (1999)

    Where none of these expert elements have been established much less disclosed

expert testimony is inadmissible. Bank of China v. NMB LLC., 359 F.3d 171 (2d Cir 2004) (where witness had not been on the expert witness list as required under rule Rule 26(a) and had not been qualified as expert under Fed. R. evid. 702, it was improper to allow the witness to give expert testimony while testimony as a lay witness under Fed. R. evid 702).

Second, defense witnesses' expert would not be helpful to the jury. experts are prohibited from offering opinions "that constitute evaluations of witness credibility. even when such evaluations are rooted in scientific or technical expertise." Nimely v. City of New York, 414 F.3d 381, 398 (2d Cir 2005) (holding inadmissible expert's opinion on whether police officer's account was honest).

Nor would expert testimony assist the jury in understanding whether or not excessive force was used. experts is generally allowed per Fed. Rules if the expert's specialized knowledge would help the jury "understand evidence or decide a fact in issue" Fed R. evid. 702. The test for determining when expert testimony would be helpful is "whether the untrained layman would be qualified to determine intelligently and

to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute." United States v. Onumonu, 967 F.2d 782, 788 (2d Cir 1992) (citing Advisory Committee note to Fed. R. Evid. 702). At the time of injury, Plaintiff was alone in his cell, put up no resistance to staff, his hands were chained behind his back as he layed defenseless on the concrete floor in the fixed position. Any lay person can understand that the use of force on a person in plaintiff position could be excessive, even if the incident occurs within the prison walls.

Third, expert testimony by the defendants themselves should be excluded under Fed. R. Evid. 403 as unduly prejudicial because defendants have a material interest in the outcome of the litigation. All of the defendants' additional defense witnesses are designated as "expert witness" who either were employed by CT DOC at the time of the complained acts or who are employees of the CTDOC at present time. These defense witnesses may also be an interested party insofar as they were or are employed by the same state agency.

Courts may exclude expert testimony, even if deemed relevant, where the testimony's probative

value is outweighed by the danger that it would confuse the jury, be unfairly prejudicial, cause undue delay waste judicial resources, or be cumulative." United States v. Onumonu, 967 F.2d 782, 786 (2d Cir 1992). Designating defendants' defense witnesses testimony as expert may enhance the credibility of the defense witnesses and lead defendants' testimony and/or their defense witnesses greater weight than that of the plaintiff. Plaintiff concede that defendants may have opinions on what constitute "the correct and appropriate procedure, etc., but it should not be ignored their opinions arise in part out of their material interest in the out-come of this litigation. Furthermore, defendants' expert witnesses should be prohibited from rendering any opinion(s) that could be used as evidence of "bad character or propensity to commit violent acts", Fed. R. evid. 404(b). Defense witnesses expert opinions or otherwise that plaintiff is an "extremely dangerous individual" is clearly sought to prove or show actions in conformity with defendants claims that plaintiff attacked C/O Strozier and C/O Diaz. Therefore, defendants' expert witnesses should be prohibited from rendering any opinion(s) or testimonial evidence that could be used as evidence of "bad character" or "propensity to

14

commit violent acts". Hynes v. Coughlin, 79 F.3d 285 (2d Cir 1996); Holloway v. Mitchell-Oddey, 488 F.Supp 2d 239, 240 (N.D.N.Y. 2007)(citing Lombardo v. Stone, 99 Civ 4603, 2002 WL 113913 (S.D.N.Y. 2002).

## Point Three
### Defendants should be prohibited from introducing evidence or testimony of Defendants good character or conduct.

Defendants may seek to introduce evidence of their "good character" or conduct to refute plaintiff's claims of excessive force, failure to protect, deliberate indifference to a serious risk of harm and/or health, etc. This "good character" could consist of testimony of commendations, promotions, good service ratings or subsequent employment. In a civil case, however "good character" evidence is inadmissible to prove or disprove an act under Fed. R. Evid 404. Whether a defendant was promoted or received positive evaluations simply has no relevance to the acts of defendants Saylor, Cahill, Diaz, Strozier, Vasquez, Moyers, Hill, Sayre, Savoie, Donovan or Dr. Wright on the morning of Nov. 12, 2006 through April 2007 or the

liability of defendants Rodriguez, Rose, Light, McGill, Lantz, or Levesque, for claims against them.

Nor can defendants introduce "good character" evidence to bolster their credibility. Fed R. Evid. 608 only allows for evidence of truthfulness after his or her character for truthfulness has been attacked. While plaintiff certainly intends to probe the credibility of the incident, such questions do not constitute an "attack" on a witness's character for truthfulness. United States v. Danehy, 680 F.2d 1311, 1314 (11th Cir. 1982) (holding that "pointing out inconsistencies in testimony and arguing that the accused's testimony is not credible does not constitute an attack on the accused's reputation for truthfulness within the meaning of Rule 608"); see also United States v. Medical Therapy Sciences Inc., 583 F.2d 36, 41 (2d Cir 1978) (allowing evidence of truthfulness after attack consisting of questions on prior convictions for fraud and previous acts of corruption.)

Even if plaintiff's examination of defendants constitute an "attack" under Fed. R. Evid. 608, the Rules require that

16

character evidence be limited to evidence solely of veracity. Fed. R. Evid. 608(b). Evidence of promotions, commendations, good service ratings, positive evaluations, or subsequent employment do not implicate a witness's credibility, honesty or trustworthiness.

### Point Four
### Defendant should not be allowed to wear their job uniform while testifying

Defense witness should be prohibited from wearing their service uniforms in court under Fed. R. Evid. 608 and 403. While there are few written opinions[2] on this subject in federal court, an order prohibiting witnesses from wearing their professional uniforms is well within the court's general discretion over evidence and trial management. See Shatkin

Footnote #2
There appear to be only scattered published cases, none binding on this court, on this issue. See e.g. McEachron v. Gelams, 1999 U.S. Dist Lexis 21926 (N.D.N.Y. August 23, 1999)(denying plaintiff's motion); Strong v. Clark, 1990 U.S. Dist. Lexis

v. McDonnell Douglas Corp., 727 F.2d 202, 207 (2d Cir 1984)(noting "wide discretion of the trial court with regard to evidence and evidentiary matters).

A professional uniform whether military, medical, or security could enhance favorable jury determinations of defense witnesses credibility and would therefore be prejudicial to Plaintiff. Professional uniforms, as a symbol of defense witness integrity or credibility would therefore constitute impermissible character evidence of the witnesses' honesty under Fed. R. Evid. 608. The named defendants are being sued in their individual capacity, not their official capacity for monetary damages. By wearing their professional uniforms, defendants may create the misperception that Plaintiff is suing the State of Connecticut or that these defendants are representing the State of Connecticut in Plaintiff's civil rights suit. Such confusion of issues and prejudice to Plaintiff is exactly what Fed. R. Evid 403, in limiting character evidence seek to prevent.

---

5482 (N.D. Ill May 3, 1990)(granting Plaintiff's uncontested motion with regard to defendant uniforms, but not to defense witnesses.)

## Point Five
### Defendants should be permitted to testify only to their personal knowledge

To the extent that any defense witness seeks to testify about events or incidents beyond his or her first-hand knowledge, such testimony should be prohibited under Fed. R. Evid. 701(a). See also United States v. Tsekhanovich, 507 F.3d 127, 129 (2d Cir. 2007) (holding Rule 701 require both "First-hand perceptions" and that testimony is "rationally derived from those first hand observation"); United States v. Kaplan, 490 F.3d 110, 118 (2d Cir 2007) (Rejecting lay testimony because one conversation was not a sufficient basis for testimony under 701). First hand knowledge includes those "facts perceived from their own senses" Id. (citing United States v. Durham, 464 F.3d 976, 982 (7th Cir 2006)).

January 26 2012

The Plaintiff
Ira Alston
Ira Alston
Northern CI
287 Bilton Rd
Somers CT 06071

## Certification

This is to certify that a copy of the foregoing was sent via prison mailbox rule postage prepaid to: Office of the Attorney General c/o Steven R. Strom 110 Sherman Street Hartford CT 06105 on this 26 day of January 2012.

*Ira Alston*
IRA ALSTON