UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IRA ALSTON | : | CIVIL NO. 3:07CV473 (RNC) |
| v. | : | |
| JASON CAHILL, ET AL. | : | FEBRUARY 19, 2012 |

**DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW**
**FILED PURSUANT TO THE ORAL ORDER OF THE COURT**

Pursuant to this Court's order of February 17, 2012, 28 U.S.C. §1915(e)(2), Rule 50 Fed. R. Civ. P. and this Court's inherent authority and discretion to manage this case,[1] the defendants respectfully move for judgment as a matter of law as to any and all of plaintiff's due process claims in this case. If this motion is granted, this would dramatically shorten the trial and judgment for defendants Levesque and Light would enter, and they would be terminated from the case.

**Procedural Background**

On Friday, February 17, 2012, this Court held lengthy oral argument on all pending motions, and fully and thoroughly explored plaintiff's alleged due process claims in this case. At the conclusion of the in court, on the record, February 17, 2012, trial management conference and oral argument, and after two lengthy admonitions to the plaintiff, also on the record, at the conclusion of the trial proceedings on February 16, 2012, the defendants were ordered to file the instant motion for judgment on the pleadings with regard to al of plaintiff's due process claims. Throughout the February 16, and February 17, 2012, trial management conferences, and discussions with the parties,

---

[1] "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that" the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Fitzgerald v. First E. Seventh Street Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000) (holding that district court may dismiss a complaint sua sponte pursuant to § 1915(e) even when plaintiff has paid the required filing fee). Heicklen v. Morgenthau, 378 Fed. Appx. 1, 2 (2d Cir. N.Y. 2010). Thus, this Court easily could have dismissed this claim from the case on its own motion after hearing argument on February 17, 2012.

the Court repeatedly admonished plaintiff not to open the door to his classification history, hearing, the reasons for administrative segregation ( Defendants' Exhibit L), and the need for continued administrative segregation placement based on on-going periodic reviews ( Defendants Exhibit T, U), and that by continuing to demand his right to a jury trial on these claims, plaintiff would necessarily put his disciplinary report history at issue, and the Court, in order to be fair to the defendants and have a level playing field would have to let the defendants tell their story too. Accordingly, in an effort to protect the self-represented prisoner plaintiff, and to keep the tiral manageable and within the timeframes promised to the jury  the Court

The defendants, throughout this lengthy litigation, have always denied any and all wrongdoing and have denied all liability. Defendants respectfully claim that the evidence will show that plaintiff was afforded a due process hearing, on February 13, 200, prior to being classified to Administrative Segregation status, which did not occur until Director of Classification, Fred Levesque, approved such classification on February 15, 2007.

The defendants have also proffered Exhibit U, which amply demonstrates multiple periodic reviews were held to consider plaintiff's continued need for Administrative Segregation (AS) placement, annual reviews, and that plaintiff's continued placement on AS status is both reasonable and appropriate. Even assuming *arguendo* for the purpose of this motion that there is a liberty interest based on alleged atypical and significant deprivations and restrictions at Northern CI, and plaintiff's lengthy classification there in AS since February 15, 2007, the level of due process which is required, as a matter of law, is so minimal, that defendants have amply and abundantly supplied due process, and periodic reviews which far exceed any constitutional requirements applicable to this case. Therefore, plaintiff's claims are, essentially, frivolous, as they are not well founded either in fact or law, <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989), or they fail to state a claim.

## CONCLUSION

For all the foregoing reasons, and for the reasons set forth in the accompanying memorandum of law, defendants' motion for judgment as a matter of law as to plaintiff's due process claims, in the interest of justice, should be granted.

        DEFENDANTS
        Jason Cahill, Et Al.

        GEORGE JEPSEN
        ATTORNEY GENERAL

BY:  /s/
        Steven R. Strom
        Assistant Attorney General
        110 Sherman Street
        Hartford, CT 06105
        Federal Bar #ct01211
        E-Mail: steven.strom@ct.gov
        Tel.: (860) 808-5450
        Fax: (860) 808-5591

## CERTIFICATION

I hereby certify that on February 19, 2012, a copy of foregoing defendants' was filed electronically and served by hand delivery on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by hand-delivery to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. I hereby certify that a copy of the foregoing was hand delivered to the following on this 18th day of February, 2012:

    Ira Alston, #275666
    Northern CI, PO Box 665
    Somers, CT 06071

        /s/
        Steven R. Strom
        Assistant Attorney General